T. C. STANFORD AND WIFE, PHYLLIS A. STANFORD, AND SILAS CREEK STA-
TION, INC. v. EDWARD P. OWENS AND WIFE, NANCY P. OWENS, J. R.
YARBROUGH, AND S. REVELLE GWYN AND ALLEN HOLT GWYN, JR.,
CO-EXECUTORS OF THE LAST WILL OF SUZANNA R. GWYN

No. 8421SC886

(Filed 6 August 1985)

1. **Negligence § 2— sufficient evidence of negligent misrepresentation—no con-
tributory negligence as matter of law**

Plaintiffs' evidence was sufficient for the jury on the issue of whether
defendants negligently misrepresented that land they developed and sold to
plaintiffs, which had previously been used for a sanitary landfill, was suitable
for plaintiffs' restaurant building where it tended to show: defendants graded
the land and filled it in where necessary; when plaintiffs asked defendants
about the stability of the soil, defendants stated it was "virgin" soil and they
would have an engineer verify it; defendants' engineer tested the soil in the lot
plaintiffs bought and in two lots adjacent to it and gave defendants a written
report which showed that no garbage was found under plaintiffs' lot at depths
of 20 feet in the front and 10 and 15 feet in the back, but that garbage was
found at depths of only 15 feet on the adjacent lots; at defendants' request, the
engineer prepared a separate report for each of the three lots tested, and the
only report that defendants gave plaintiffs was of the testing done on their lot;
plaintiffs completed the purchase and erected a restaurant building on the lot;
after plaintiffs' building began to settle, their engineers tested the soil and
found garbage under the lot at depths of 17 to 27 feet; and information con-
tained in the first report prepared by defendants' engineer about garbage
found under the adjacent lots would have alerted plaintiffs' architect or builder
to the necessity of testing their lot further before putting a building on it.
Evidence that plaintiffs knew that a landfill had been conducted on the tract
and that plaintiffs' first application for a building permit was denied because a
landfill had been located on the tract did not establish that plaintiffs were
negligent as a matter of law in failing to investigate the land for themselves
before putting a restaurant building on it but presented a question of fact for
the jury.

2. **Rules of Civil Procedure § 41.1— voluntary dismissal of negligent misrepresen-
tation claim—no right to institute fraud action**

The voluntary dismissal without prejudice of plaintiffs' claim for negligent
misrepresentation did not give plaintiffs the right to institute an action for
fraud within one year of the dismissal even though the fraud claim rested upon
somewhat the same allegations made in support of the negligent misrepresen-
tation claim, since a claim for fraud is fundamentally different from a claim for
negligent misrepresentation and must be pleaded with particularity. There-
fore, the claim for fraud was barred by the three-year statute of limitations of
G.S. 1-52 where it was filed seven years after it accrued. G.S. 1A-1, Rule
41(a)(1).

APPEAL by plaintiffs from *Hairston, Judge.* Judgment entered 9 December 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 April 1985.

This action filed in March 1983 and its forerunner filed in 1977 arose out of a transaction that occurred during the winter of 1975-76, in which the plaintiffs Stanford bought a lot from the defendants Owens and put a restaurant building on it. The lot was part of a larger tract of land, much of which had been used by the City of Winston-Salem as a sanitary landfill. After the tract was obtained by defendants Owens, defendants Suzanna R. Gwyn, now deceased, and J. R. Yarbrough, veteran real estate agents, developed it as business property and handled the sale of the lot that plaintiffs bought. A few months after the restaurant building was completed, so plaintiffs allege, the structure suffered much damage because the land under it was unstable and began to settle. Based upon these events plaintiffs asserted nine claims for relief in the preceding action and upon the defendants' motions under Rule 12(b)(6) of the N.C. Rules of Civil Procedure, all the claims were dismissed by the trial judge for failing to state a claim upon which relief could be granted. On appeal this Court reversed only the dismissal of plaintiffs' claim for negligent misrepresentation, *Stanford v. Owens*, 46 N.C. App. 388, 265 S.E. 2d 617, *cert. denied*, 301 N.C. 95, 273 S.E. 2d 300 (1980), and after the case returned to the trial court plaintiffs moved to amend their complaint to include a claim for fraud. This motion was denied, however, and plaintiffs then moved for and were granted a voluntary dismissal without prejudice, which was entered on 13 November 1981. In filing this action plaintiffs asserted claims for relief against the defendants based on claims for negligent misrepresentation and fraud. Upon defendants' motion, the claim for fraud was dismissed by order of summary judgment and when the claim for negligent misrepresentation was tried a verdict for the defendants was directed at the close of plaintiffs' evidence. Other facts pertinent to our decision are stated in the opinion.

*Harrell Powell, Jr., David Crescenzo, and Hafer, Hall & Schiller, by Marvin Schiller, for plaintiff appellants.*

*Weston P. Hatfield and Carol L. Allen for defendant appellees.*

PHILLIPS, Judge.

[1] In the preceding appeal, *Stanford v. Owens, supra,* it was determined that plaintiffs had alleged an enforceable claim for negligent misrepresentation. Thus, the main question raised by this appeal is whether the evidence that plaintiffs presented at trial, when viewed in the light most favorable to them, is sufficient to support the claim stated. We hold that it is and that the verdict against the claim was erroneously directed.

The requirements for an action based on negligent misrepresentation are as follows:

> INFORMATION NEGLIGENTLY SUPPLIED FOR THE GUIDANCE OF OTHERS.
>
> One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon the information if
>
> (a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and
>
> (b) the harm is suffered
>
> > (i) by the person or one of the class of persons for whose guidance the information was supplied, and
> >
> > (ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith.

Restatement of Torts § 552 (1938). *Davidson and Jones, Inc. v. County of New Hanover,* 41 N.C. App. 661, 255 S.E. 2d 580 (1979). In our opinion, the evidence presented, when favorably viewed for the plaintiffs, tends to establish all the foregoing stated requirements and plaintiffs are entitled to have a jury pass on the claim.

In substance, plaintiffs' evidence tends to show that: In developing the entire tract where the sanitary landfill had been, defendants graded the land and filled it in where necessary. While plaintiffs knew that a garbage dump or landfill had occupied part of the tract, they did not know which part, and when

plaintiffs asked defendants about the stability of the lot they were interested in defendants stated that it was "virgin" soil and they would have an engineer verify it. Defendants' engineer tested the soil in the lot plaintiffs bought and in two lots adjacent to it, and gave defendants a written report which showed that no garbage had been found under plaintiffs' lot at depths of 20 feet in the front and 10 and 15 feet depths in the back, but that garbage was found at depths of only 15 feet on the lots contiguous to plaintiffs'. At defendants' request the engineer then prepared a separate report for each of the three tracts tested and the only report that defendants gave plaintiffs was of the testing that was done on their lot. Finding no indication in the report received from defendants that the land was not stable, plaintiffs completed the transaction and erected their restaurant building. Later, after plaintiffs' building began to settle their engineers tested the soil and found garbage under the lot at depths of 17 to 27 feet. These engineers testified that the information contained in the first report prepared by defendants' engineer about garbage being found at 15 feet under the adjacent lots would have alerted plaintiffs' architect or builder to the necessity of testing their lot further before putting a building on it. The evidence also tends to show that defendants specifically instructed their engineer where to drill and how deep. All this evidence, if believed, would warrant a jury concluding, we think, that: In the course of their real estate developing and selling business defendants undertook to supply plaintiffs with information for their guidance in building on the property acquired; in doing so they neglected to include information that tended to show that the land was not suitable for plaintiffs' building; and plaintiffs justifiably relied thereon and suffered harm and damage thereby. Thus, whether the defendants negligently misrepresented that the land was suitable for plaintiffs' building is an issue that the jury should have decided, rather than the court.

Even so, the directed verdict was still proper if plaintiffs' evidence establishes their own contributory negligence, *Beatty v. H. B. Owsley & Sons, Inc.*, 53 N.C. App. 178, 280 S.E. 2d 484, *cert. denied*, 304 N.C. 192, 285 S.E. 2d 95 (1981), as defendants forcibly argue was the case. In support thereof they point to the fact that plaintiffs, along with the public at large, knew that a garbage dump had been conducted on the tract and that when plaintiffs

first applied for a building permit the City of Winston-Salem refused to give it to them for the explicit reason that a "garbage dump" used to be "out there." Having thus been put on their guard with respect to the suitability of the land, so defendants argue, plaintiffs were negligent as a matter of law in failing to investigate the land for themselves before putting their restaurant building on it. Certainly, the evidence presented is sufficient to support a finding of contributory negligence, but viewing the evidence favorably for the plaintiffs we do not believe that such a finding is required. Since defendants filled in and graded the tract involved, apparently knew the nature and condition of plaintiffs' lot, and gave plaintiffs an engineering report which confirmed their representations that the land was solid, we cannot say as a matter of law either that plaintiffs did not rely upon defendants' information or that they had no right to do so. Whether in erecting their building plaintiffs in fact relied upon defendants' information concerning the land, including the engineering report that contained no suggestion that garbage might be under or near the soil involved, and whether plaintiffs acted reasonably in relying thereon, if they did so under the evidence recorded, are questions of fact for a jury to decide.

[2] Plaintiffs also contend that it was error to dismiss their fraud claim. The dismissal was based on the statute of limitations and plaintiffs argue that since the present action was instituted within one year after the voluntary dismissal of the prior action and it "arises from the common nucleus of operative facts which support [their] negligence misrepresentation claim," the claim was timely filed. We disagree and affirm the dismissal.

The statute of limitations for a claim based on fraud is three years, G.S. 1-52, and plaintiffs' claim for fraud is not saved by the fact that it was filed within one year after the voluntary dismissal of the prior action without prejudice. The rule of law governing plaintiffs' contention is contained in Rule 41(a)(1) of the N.C. Rules of Civil Procedure, which in pertinent part provides as follows:

> If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a

stipulation filed under (ii) of this subsection shall specify a shorter time.

Plaintiffs' fraud claim accrued in 1976, but no claim therefor was filed until 1983. Though nine claims were asserted in the 1977 action, none was for fraud; and the claim that was voluntarily dismissed without prejudice less than a year before this action was filed was the claim for negligent misrepresentation, the only claim initially asserted that was then still viable. While, under the circumstances of this case, Rule 41(a)(1) does prevent the negligent misrepresentation claim from being barred by the statute of limitations, nothing in the rule, as we read it, exempts plaintiffs' fraud claim, filed for the first time seven years after it accrued, from the fatal effects of the three-year statute of limitations. Plaintiffs' contention that the fraud claim has in effect been before the court all along, since it rests upon somewhat the same allegations that were made in support of the negligent misrepresentation claim when the action was first filed, though appealing to some extent is nevertheless unavailing. A claim for relief based on fraud is unique, *Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957), and must be pleaded with particularity even under our liberal rules of notice pleading. Rule 9, N.C. Rules of Civil Procedure; *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E. 2d 63 (1979). A claim for fraud is fundamentally different from a claim for negligence and in alleging in the first action that defendants had negligently misrepresented the condition of the land plaintiffs did not in effect or otherwise also allege that defendants had defrauded them.

Affirmed in part; reversed and remanded in part.

Judges ARNOLD and COZORT concur.