JOHN S. RENEGAR, Plaintiff v. R.J. REYNOLDS TOBACCO COMPANY, Defendant

No. COA00-450

(Filed 17 July 2001)

**Statute of Limitations— wrongful discharge—filing state action after voluntary dismissal of federal action**

The trial court did not err in a wrongful discharge action by granting summary judgment in favor of defendant employer based on the expiration of the three-year statute of limitations under N.C.G.S. § 1-52(5) even though plaintiff filed the instant state action within one year of the voluntary dismissal without prejudice of his non-diversity federal complaint under Federal Rule 41, because: (1) plaintiff's voluntary dismissal of a non-diversity case failed to implicate the savings provision of N.C.G.S. § 1A-1, Rule 41(a) and Federal Rule 41 contains no savings provision; (2) plaintiff's federal complaint reveals no basis upon which the federal court might have assumed supplemental jurisdiction under 28 U.S.C.A.§ 1367(a) for plaintiff's wrongful discharge claim; and (3) plaintiff's state court action was not a new action based upon the same claims as those asserted in the prior action so as to bring N.C.G.S. § 1A-1, Rule 41(a) into play.

Appeal by plaintiff from order entered 29 November 1999 by Judge Peter M. McHugh in Forsyth County Superior Court. Heard in the Court of Appeals 30 January 2001.

*Herman L. Stephens for plaintiff-appellant.*

*Constangy, Brooks & Smith, L.L.C., by W.R. Loftis, Jr. and Virginia A. Piekarski, for defendant-appellee.*

JOHN, Judge.

Plaintiff John S. Renegar appeals the trial court's 29 November 1999 order granting summary judgment in favor of defendant R.J. Reynolds Tobacco Company (RJR). We affirm the trial court.

Our disposition of plaintiff's appeal renders a lengthy recitation of the underlying facts unnecessary. Plaintiff began employment with RJR on 2 June 1984 and was terminated 15 April 1996. In June 1998, plaintiff filed a *pro se* civil action (plaintiff's federal action) against RJR in the United States District Court for the Middle District of

**RENEGAR v. R.J. REYNOLDS TOBACCO CO.**

[145 N.C. App. 78 (2001)]

North Carolina. Plaintiff amended his complaint 7 July 1998, alleging the following six separate causes of actions: (1) discrimination against plaintiff in violation of title VII of the federal Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* (1994); (2) discrimination against plaintiff in violation of 42 U.S.C.A. § 12101 *et seq.* (1995), the Americans With Disabilities Act; (3) violation of plaintiff's rights under the federal Family and Medical Leave Act, 29 U.S.C.A. § 2601 *et seq.* (1999); (4) violation of plaintiff's federal constitutional rights to privacy and speech under the First, Fourth and Fourteenth Amendments to the United States Constitution; (5) "infliction of daily emotional distress" as a result of discrimination, harassment and retaliation; (6) and discrimination against plaintiff in violation of 29 U.S.C.A. § 621 *et seq.* (1999), the Age Discrimination in Employment Act. On 29 August 1998, plaintiff filed a voluntary dismissal without prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure (Federal Rule 41), as to each of the foregoing claims. *See* Fed. Rules Civ. Proc. Rule 41(a), 28 U.S.C.A. (1992).

Precisely one year later, on 29 August 1999, plaintiff filed a complaint against RJR in Forsyth County Superior Court (plaintiff's state action) asserting a claim of wrongful discharge in violation of public policy. RJR thereupon moved to dismiss plaintiff's complaint pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) (1999) on grounds "it fail[ed] to state a claim upon which relief can be granted because the claim asserted by Plaintiff therein is time-barred" (RJR's motion). The trial court treated RJR's motion as one for summary judgment and, by order dated 29 November 1999, granted the motion on the basis that the applicable statute of limitations had expired. Plaintiff appeals.

It is undisputed that the statute of limitations for a wrongful discharge action under North Carolina law is three years from the date of discharge. *See* N.C.G.S. § 1-52(5) (1999). In the case *sub judice*, therefore, the statute began to run 15 April 1996, the date of plaintiff's termination, and thus ordinarily would have expired 15 April 1999, several months prior to the filing of plaintiff's state action.

Rule 41 of the North Carolina Rules of Civil Procedure differs from its federal counterpart in that it contains the following additional provision:

> If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be

commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

G.S. § 1A-1, Rule 41(a)(1) (1999). "The effect of this provision is to extend the statute of limitations by one year after a voluntary dismissal." *Staley v. Lingerfelt*, 134 N.C. App. 294, 298, 517 S.E.2d 392, 395, *disc. review denied*, 351 N.C. 109, 540 S.E.2d 367 (1999). Disposition of the instant appeal therefore turns upon the applicability of the one-year savings provision of N.C. Rule 41 to plaintiff's state action.

Plaintiff argues the trial court erred in allowing RJR's motion in light of the savings provision of N.C. Rule 41. According to plaintiff, the federal court had supplemental or "pendent" jurisdiction over his wrongful discharge claim. *See* 28 U.S.C.A. § 1367(a) (1993) (when federal district court has original jurisdiction over a civil action, it may also exercise "pendent" or "supplemental" jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy). As such, plaintiff maintains "state substantive law governs all pendent jurisdiction North Carolina state law claims" in a federal case. Because he commenced the instant state action within one year of the voluntary dismissal of his federal complaint, plaintiff concludes his state action was timely filed under N.C. Rule 41(a).

However, regarding his initial federal action, plaintiff concedes "[t]here was no diversity of citizenship between plaintiff and [RJR]," and that "[t]he federal court's jurisdiction was based on the federal questions he presented in his federal complaint." Accordingly, plaintiff's first complaint was not predicated upon diversity of citizenship jurisdiction, *i.e.*, it was a "non-diversity" case. This is significant because determination of the law to be applied in federal court is governed by the source of the right or issue being adjudicated. 19 C. Wright, A. Miller & E. Cooper, Fed. Prac. & Proc. 2d § 4520 (1996).

For example, "[t]he tolling of a state statute of limitation *in a diversity case* is strictly a substantive matter of state law," *Kahn v. Sturgill*, 66 F.R.D. 487, 491 (M.D.N.C. 1975) (emphasis added), which the federal court must follow, *id.; see Erie Railroad v. Tomkins*, 304 U.S. 64, 78, 82 L. Ed. 1188, 1194 (1938) (federal court in diversity case is to apply substantive provisions of state law), and *Guaranty Trust Co. v. York*, 326 U.S. 99, 108, 89 L. Ed. 2079, 2086 (1945) ("federal

court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State"). Conversely, where a

> federal court gains jurisdiction over state claims *supplementally*, pursuant to 28 U.S.C.A. § 1367(a), because the action was . . . brought based on federal or constitutional law, the [federal] court is not bound to state substantive law only.

*Harter v. Vernon*, 139 N.C. App. 85, 94, 532 S.E.2d 836, 841, *appeal dismissed and disc. review denied*, 453 N.C. 263, 546 S.E.2d 97 (2000), *cert. denied*, —— U.S. ——, —— L. Ed. 2d —— (2001).

In response to plaintiff's arguments, RJR maintains that plaintiff's voluntary dismissal under Federal Rule 41 of a non-diversity case failed to implicate the savings provision of N.C. Rule 41(a), and further that plaintiff's state court action in any event was not "a new action based upon the *same* claims as those asserted in the prior action" (emphasis in original) so as to bring N.C. Rule 41(a) into play.

In sum, the issue before us is whether plaintiff, after having first filed a voluntary dismissal without prejudice under Federal Rule 41 of his federal action, a non-diversity case, was improperly precluded, in light of the one-year savings provision of N.C. Rule 41(a)(1), from pursuing a claim in state court after the statute of limitations had run on that claim. Previous decisions of our appellate courts indicate this issue must be resolved against plaintiff.

In *Bockweg v. Anderson*, 328 N.C. 436, 402 S.E.2d 627 (1991), the plaintiffs filed a complaint in federal court sitting in diversity jurisdiction alleging various state malpractice claims. *Id.* at 437, 402 S.E.2d at 628. Plaintiffs subsequently stipulated to a voluntary dismissal without prejudice as to one of the claims, refiling that claim in state court within one year of the voluntary dismissal, but beyond the applicable limitations period for the dismissed claim. *Id.* The trial court rejected the suit as untimely and plaintiffs appealed.

Our Supreme Court characterized the issue on appeal as

> the effect of the dismissal[] on plaintiffs' subsequent attempt to refile the action in state court within the one-year savings provision in N.C.G.S. § 1A-1, Rule 41(a)(1), but outside the period of limitations that controls unless N.C.G.S. § 1A-1, Rule 41(a)(1) applies.

RENEGAR v. R.J. REYNOLDS TOBACCO CO.

[145 N.C. App. 78 (2001)]

*Id.* at 438, 402 S.E.2d at 628. Citing decisions from the federal courts, the Court stated that the effect of a voluntary dismissal under Federal Rule 41 was dependent upon "whether the federal court's jurisdiction was based on the existence of a federal question or on diversity of citizenship." *Bockweg*, 328 N.C. at 441, 502 S.E.2d at 630. Further,

> [f]ederal courts ordinarily need not consider the applicability of a savings provision, as the federal rule contains no such provision. *This applies to cases in federal court in which jurisdiction is not based on diversity of citizenship* and in which there is no occasion for the federal court to apply state substantive law.

*Id.* at 438, 402 S.E.2d at 629 (emphasis added). Finally, relying on *Humphreys v. United States*, 272 F.2d 411 (9th Cir. 1959), the Court stated that "a voluntary dismissal under the Federal Rules in a nondiversity case in federal court does not toll the statute of limitations or invoke [the] savings provision." *Bockweg*, 328 N.C. at 439, 402 S.E.2d at 629.

The Court also pointed out that federal courts sitting in diversity, and thus following North Carolina law, have applied the one-year savings provision of N.C. Rule 41 to diversity cases dismissed in federal court and recommenced in that court. *Id.* at 439-40, 402 S.E.2d at 629-30; *see Haislip v. Riggs*, 534 F. Supp. 95 (W.D.N.C. 1981); *Shuford v. K.K. Kawamura Cycle Co.*, 649 F.2d 261 (4th Cir. 1981); and *Webb v. Nolan*, 361 F. Supp. 418 (1972), *aff'd*, 484 F.2d 1049 (4th Cir. 1973), *cert. denied*, 415 U.S. 903, 39 L. Ed. 2d 461 (1974). Accordingly,

> [i]n diversity cases in which state law concerning voluntary dismissal is different from federal law, the federal court will conduct an analysis under *Erie* and its progeny to determine the applicable law. Further, federal courts sitting in diversity applying North Carolina substantive law have concluded that when a plaintiff voluntarily dismisses in federal court and recommences in federal court, he is entitled to the benefit of the North Carolina savings provision as a matter of state substantive law.

*Bockweg*, 328 N.C. at 441, 402 S.E.2d at 630.

Applying the foregoing reasoning to the case before it, the Court held that

> a plaintiff who stipulates to a voluntary dismissal, without prejudice, of a timely filed action in a federal court *sitting in diversity and applying North Carolina law*, and refiles the action in North

Carolina state court, may invoke the one-year savings provision in N.C.G.S. § 1A-1, Rule 41.

*Id.* at 450, 402 S.E.2d at 635 (emphasis added).

However, as in *Clark v. Velsicol Chemical Corp.*, 110 N.C. App. 803, 807, 431 S.E.2d 227, 229 (1993), *aff'd*, 336 N.C. 599, 444 S.E.2d 223 (1994) (plaintiff's federal case involuntarily dismissed because of lack of diversity, *Bockweg* inapplicable, and plaintiff's subsequent state action filed outside the appropriate statute of limitations properly dismissed as time barred), *Bockweg* is inapposite to the case *sub judice*. Unlike the plaintiffs in *Bockweg*, plaintiff by his own admission brought his federal action pursuant to the court's federal question jurisdiction as opposed to its diversity of citizenship jurisdiction. Under *Bockweg*, therefore, the effect of the voluntary dismissal of plaintiff's federal action upon his state action was governed by Federal Rule 41 which contains no savings provision. *See Bockweg*, 328 N.C. at 438, 402 S.E.2d at 629; *see also Harter v. Vernon*, 139 N.C. App. 85, 93-4, 532 S.E.2d 836, 841 (2000) (voluntary dismissal under federal Rule 41 in a nondiversity case does not toll the statute of limitations or implicate the savings provision of N.C. Rule 41(a)). Accordingly, because plaintiff's state action was filed outside North Carolina's three year statute of limitations for a wrongful discharge claim, *see* G.S. § 1-52(5), and the savings provision of N.C. Rule 41 was inapplicable to plaintiff's state action, the trial court did not err in entering summary judgment against plaintiff.

Notwithstanding, plaintiff advances the proposition that the federal court maintained "supplemental" jurisdiction, *see* 28 U.S.C.A § 1367(a), over his wrongful discharge claim in plaintiff's federal action, thereby necessitating application of North Carolina substantive law, including N.C. Rule 41, to that claim. We do not agree.

First, *Bockweg* did not address supplemental jurisdiction of a federal court over a state action, but rather held that a federal court *sitting in diversity and applying North Carolina law, i.e.*, N.C. Rule 41(a)(1), would allow up to one-year for refiling an action which had been voluntarily dismissed. *Bockweg*, 328 N.C. at 450, 402 S.E.2d at 635. We reiterate that plaintiff has conceded that jurisdiction over his federal action was based upon "federal question jurisdiction rather than diversity of citizenship jurisdiction."

Perhaps more significantly, careful review of plaintiff's federal complaint reveals no basis upon which the federal court might have

assumed supplemental jurisdiction of plaintiff's wrongful discharge claim. Assuming *arguendo* plaintiff's claim of wrongful discharge may have been "so related to claims in the action within [the] original jurisdiction [of the federal court] that [it] form[ed] part of the same case or controversy," 28 U.S.C.A. § 1367(a), plaintiff's federal complaint alleged six claims of action based solely upon federal statutes and the federal constitution and set forth no specific claim under North Carolina substantive law, and specifically no North Carolina wrongful discharge claim, such that the federal court would have been accorded supplemental jurisdiction over that claim.

It is well established, moreover, that

[t]o benefit from the one year extension of the statute of limitation, the second action must be "substantially the same, involving the same parties, the same cause of action, and the same right. . . ."

*Cherokee Ins. Co. v. R/I, Inc.*, 97 N.C. App. 295, 297, 388 S.E.2d 239, 240 (citation omitted), *disc. review denied*, 326 N.C. 594, 393 S.E.2d 875 (1990). Assuming *arguendo* North Carolina Rule 41(a)(1) was applicable to plaintiff's state action, therefore, plaintiff was not entitled to invoke the one-year savings provision because that action and his prior federal action were not "based on the same claim[s]." G.S. § 1A-1, Rule 41(a)(1).

In *Stanford v. Owens*, 76 N.C. App. 284, 332 S.E.2d 730, *disc. review denied*, 314 N.C. 670, 336 S.E.2d 402 (1985), a claim of fraud, first alleged during re-filing of a previously voluntarily dismissed negligence claim, was held to have been time-barred by the statute of limitations. The plaintiffs maintained the fraud claim was properly filed within one year of the dismissal in that it

ha[d] in effect been before the court all along, since it rest[ed] upon somewhat the same allegations that were made in support of the negligent misrepresentation claim when the action was first filed . . . .

*Id.* at 289, 332 S.E.2d 733. This Court disagreed, concluding that "[a] claim for fraud is fundamentally different from a claim for negligence," *id.*, and that plaintiff's original allegations of negligence "did not in effect or otherwise," *id.*, allege fraud.

In *Staley v. Lingerfelt*, 134 N.C. App. 294, 517 S.E.2d 392, this Court considered the circumstance wherein the

**RENEGAR v. R.J. REYNOLDS TOBACCO CO.**

[145 N.C. App. 78 (2001)]

plaintiffs' first complaint [filed 4 August 1995] arose out of the [collision] on 11 June 1993, but alleged on a section 1983 claim and a claim of loss of consortium.

*Id.* at 298, 517 S.E.2d at 395. Plaintiffs subsequently voluntarily dismissed that action and thereafter instituted an action 5 September 1995 alleging the two original claims as well as claims of

> assault and battery, false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, trespass by a public officer, violations of the North Carolina Constitution, and a claim for punitive damages.

*Id.* at 296, 517 S.E.2d at 394.

This Court held the latter claims, filed within one year after voluntarily dismissal of the first complaint but outside the applicable limitations period, did not fall within the one year savings provision of North Carolina Rule 41(a)(1) and thus were barred. *Id.* at 299, 517 S.E.2d at 396. We reasoned that

> [a]lthough the claims [in plaintiffs' second complaint] ar[o]se from the same events as the section 1983 and loss of consortium claims, defendants were not placed on notice that they would be asked to defend these claims within the time required by the statute of limitations.

*Id.*

In the case *sub judice*, the claims set forth in plaintiff's federal and state actions arose from the same event, his discharge by RJR. However, the claim of wrongful discharge alleged in the state action and the federal statutory and constitutional claims alleged in the federal action each constitute "independent cause[s] of action with unique elements which must be proven by plaintiff[]," *id.*, and RJR thus was not placed on notice by plaintiff's federal action that it would be asked to defend plaintiff's state wrongful discharge claim "within the time required by the statute of limitations," *id.* In short, plaintiff's state action thus was not "based on the same claims," G.S. § 1A-1, Rule 41(a)(1), alleged in his federal action.

To conclude, plaintiff's state action, filed 20 August 1999, was not timely filed, and the trial court properly granted summary judgment in favor of RJR.

Affirmed.

Judges GREENE and TYSON concur.