TINA KELLY, Plaintiff v. CARTERET COUNTY BOARD OF EDUCATION, DAVID
LENKER, JR., RENEE NEWMAN, JOHN WELMERS, Defendants

No. COA01-468

(Filed 5 March 2002)

**Employer and Employee; Schools— assistant teacher—wrong-
ful discharge—disability discrimination—abandonment of
claim—insufficient allegations of public policy violation**

The gravamen of plaintiff assistant teacher's complaint
against defendant board of education for wrongful termination
based on her inability to drive a school bus due to a seizure dis-
order was an employment discrimination claim under N.C.G.S.
§ 168-1 et seq., not a claim for wrongful termination in violation
of public policy to ensure the safety of persons and property, and
the complaint was properly dismissed because plaintiff specifi-
cally abandoned her disability discrimination claim, where there
were no allegations to support an inference that defendant board
wanted plaintiff to drive a school bus after learning of her seizure
disorder, plaintiff's allegations show that the board gave plaintiff
only the choice to resign or be terminated, and plaintiff's com-
plaint was thus based on her disability condition and not on her
refusal to violate public policy.

Judge HUNTER dissenting.

Appeal by plaintiff from order filed 19 January 2001 by Judge
Benjamin G. Alford in Carteret County Superior Court. Heard in the
Court of Appeals 22 January 2002.

*Ralph T. Bryant, Jr., P.A., by Ralph T. Bryant, Jr., for plaintiff-
appellant.*

*Kirkman, Whitford & Brady, P.A., by Neil B. Whitford, for
defendant-appellees.*

GREENE, Judge.

Tina Kelly (Plaintiff) appeals an order filed 19 January 2001 grant-
ing a motion to dismiss in favor of Carteret County Board of
Education, David Lenker, Jr., Renee Newman, and John Welmers (col-
lectively, Defendants).

Plaintiff filed a complaint on 19 April 2000 alleging she was
employed in the Carteret County School System as an assistant

teacher at White Oak Elementary School (the School) from 14 January 1997 until 18 August 1997. On 18 August 1997, Plaintiff submitted to the School a letter from her physician stating that due to a seizure disorder and other medical conditions, Plaintiff should not be driving a school bus. Plaintiff alleged that if she "were to drive a school bus, it would jeopardize the safety of persons and property on or near the public highways." On 19 August 1997, the School informed Plaintiff that "because of her unwillingness and inability to drive a school bus[,] she had one hour to either resign or be terminated." Plaintiff was terminated from her position on 19 August 1997. Plaintiff's complaint also alleges she was wrongfully terminated in violation of the public policy of North Carolina that "all people . . . hold employment without discrimination on the bases of handicap or disability" and "that the safety of persons and property on or near the public highways be protected."[1]

Defendants filed a motion to dismiss Plaintiff's complaint on 7 July 2000, arguing: they were immune from Plaintiff's suit under the doctrine of public official immunity; the gravamen of Plaintiff's complaint falls "within the purview of the North Carolina Persons with Disabilities Protection Act codified at G.S. 168A-1, et[.] seq.[, thus] . . . Plaintiff's claim is time barred by the applicable statute of limitations set forth in [that] Act"; and "no cause of action for wrongful discharge exists when an employee is terminated for failure to perform an act which he may be able to prove was unsafe."

In its order granting Defendants' motion to dismiss Plaintiff's complaint, the trial court concluded:

> all the allegations forming the gravamen of [P]laintiff's complaint fall within the scope of the North Carolina Persons With Disabilities Protection Act codified at G.S. 168A-1 et. seq. and that within this Act at G.S. 168A-12 is a 180[-]day statute of limitation[s] applicable to [P]laintiff's complaint. The [trial] court concludes that [P]laintiff's complaint is barred by this statute of limitations.

The dispositive issue is whether "all the allegations forming the gravamen of Plaintiff's complaint fall" within the scope of a disability discrimination claim.

---

1. In her brief to this Court, Plaintiff has expressly abandoned her disability discrimination claim and only appeals the trial court's dismissal of her claim for wrongful termination in violation of the public policy of North Carolina to protect the safety of persons and property.

The "gravamen" of a complaint is its "material part" or "the grievance or injury specially complained of." *Black's Law Dictionary* 701 (6th ed. 1990). The injury complained of in an employment disability discrimination claim is that the employee was terminated "on the basis of a disabling condition." N.C.G.S. § 168A-5(a)(1) (1999). In the context of a claim for wrongful termination in violation of public policy, the injury specially complained of is that an employee was terminated for refusing to perform an act which would violate public policy after being requested to do so. *See Coman v. Thomas Manufg. Co., Inc.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989) (a cause of action exists for wrongful discharge for refusal to violate public policy).

In this case, Plaintiff's allegations only complain of an injury based on her disabling condition. Although Plaintiff argues her complaint sets forth a claim for relief based on the public policy of North Carolina to ensure the safety of persons and property, there are no allegations to support an inference that Defendants wanted Plaintiff to drive a school bus after learning of her seizure disorder. There is no indication from Plaintiff's complaint that after informing the School of her medical condition, the School either implicitly or explicitly gave her a choice to drive the school bus or be terminated. Indeed, Plaintiff's allegations show that after learning of the disorder, Plaintiff's only choice was to either resign or be terminated. All of Plaintiff's allegations relate to her termination by the School based on her inability to drive a school bus due to her seizure disorder. Accordingly, as the "gravamen" of Plaintiff's complaint is based on her disabling condition, and not on her refusal to violate public policy, Plaintiff's complaint only sets forth an injury based on a discrimination claim. Thus, as we conclude the allegations forming the gravamen of Plaintiff's complaint are within the scope of a discrimination claim and Plaintiff has expressly abandoned her disability discrimination claim, this appeal is dismissed.[2]

Dismissed.

Judge TYSON concurs.

Judge HUNTER dissents.

---

2. Accordingly, as Plaintiff "does not address the issue of whether a wrongful discharge claim based on disability has a six-month statute of limitations" and she has expressly abandoned her discrimination claim, we need not address the applicable statute of limitations to the discrimination claim as brought by Plaintiff.

**KELLY v. CARTERET CTY. BD. OF EDUC.**

[149 N.C. App. 188 (2002)]

HUNTER, Judge, dissenting.

The majority holds that the allegations in plaintiff's complaint are not sufficient to state a claim for wrongful discharge in violation of public policy. Because I disagree, I respectfully dissent.

> The essential question in reviewing the grant of a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1 (1999) Rule 12(b)(6) is whether, "as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." A motion to dismiss pursuant to Rule 12(b)(6) should not be granted " *'unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.'* "

*Considine v. Compass Grp. USA, Inc.*, 145 N.C. App. 314, 316-17, 551 S.E.2d 179, 181, *affirmed*, 354 N.C. 568, 557 S.E.2d 528 (2001) (citations omitted). Furthermore,

> [i]n reviewing a dismissal of a complaint for failure to state a claim, the appellate court must determine whether the complaint alleges the substantive elements of a legally recognized claim and whether it gives sufficient notice of the events which produced the claim to enable the adverse party to prepare for trial.

*Peoples Security Life Ins. Co. v. Hooks*, 322 N.C. 216, 218, 367 S.E.2d 647, 648-49 (1988).

The Courts of this state have recognized an exception to the employment at will doctrine by identifying a cause of action for wrongful discharge in violation of public policy. *See Considine*, 145 N.C. App. at 317, 551 S.E.2d at 181. The public policy exception to the employment at will doctrine is "designed to vindicate the rights of employees fired for reasons offensive to the public policy of this State." *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 356, 416 S.E.2d 166, 171 (1992). In order to state a claim for wrongful discharge in violation of public policy, an employee has the burden of pleading that her "dismissal occurred for a reason that violates public policy." *Considine*, 145 N.C. App. at 317, 551 S.E.2d at 181. The following allegations have been held to be sufficient to state a claim for wrongful discharge in violation of public policy: (1) that the employee was wrongfully discharged in retaliation for refusing to testify falsely in a medical malpractice case, *see Sides v. Duke University*, 74 N.C. App. 331, 335, 328 S.E.2d 818, 822, *disc. review denied*, 314 N.C. 331, 333 S.E.2d 490 (1985), *overruled in part on other grounds, Kurtzman v.*

*Applied Analytical Industries, Inc.*, 347 N.C. 329, 493 S.E.2d 420 (1997); (2) that the employee was discharged for refusing to comply with his employer's demand that he continue to operate a commercial vehicle for periods of time that violated federal regulations, *see Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 173, 381 S.E.2d 445, 446 (1989); and (3) that the employee was discharged for refusing to work for less than the statutory minimum wage, *see Amos*, 331 N.C. at 350, 416 S.E.2d at 168.

Here, plaintiff's complaint sets forth the following factual allegations: that plaintiff was employed by defendant as an assistant teacher; that plaintiff suffers from a seizure disorder; that plaintiff informed defendant "that she would not be a school bus driver due to a seizure disorder and other medical related conditions that impair her ability to safely operate a school bus"; and that one day later, defendant terminated plaintiff and told her that it was because of her "unwillingness" to drive a school bus. Plaintiff's complaint also sets forth the following claim for relief:

19. The termination of the plaintiff contravenes and violates the public policy of the state of North Carolina that the safety of persons and property on or near the public highways be protected. . . .

20. Plaintiff was faced with the dilemma of violating that public policy, i.e., driving a school bus and endangering the lives of the students and traveling public, or complying with the public policy and being fired from her employment. Her termination therefore constitutes wrongful discharge in violation of this public policy.

Without citing any authority, the majority holds that plaintiff's complaint fails to state a claim for wrongful discharge in violation of public policy because "[t]here is no indication from Plaintiff's complaint that after informing the School of her medical condition, the School either implicitly or explicitly gave her a choice to drive the school bus or be terminated." I disagree. I would hold that the allegations in plaintiff's complaint, treated as true, are sufficient to state a claim for wrongful discharge in violation of public policy.

A Rule 12(b)(6) motion to dismiss for failure to state a claim is the modern equivalent of a demurrer. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). "A demurrer tests the sufficiency of a pleading, admitting, for that purpose, the truth of factual averments well stated

and such relevant inferences of fact as may be deduced therefrom. When pleadings are thus challenged *they are to be liberally construed with a view to substantial justice between the parties." Machine Co. v. Newman,* 275 N.C. 189, 194, 166 S.E.2d 63, 66 (1969) (emphasis added). Considering plaintiff's allegations and the logical inferences arising therefrom, and construing the complaint liberally, I simply cannot agree with the majority that plaintiff has failed to state a claim for wrongful discharge in violation of public policy.

The case law does not support the proposition that in order to state a claim for wrongful discharge in violation of public policy, the employee must allege that the employer, first, demanded that the employee engage in the conduct in question, and that, only after such demand, the employee expressly refused to comply and was therefore fired. In the real world, such a blueprint of neatly severable events unfolding in a particular order is simply unrealistic. For example, it is not difficult to imagine that plaintiff may have *simultaneously* (1) informed defendant about her seizure disorder and (2) made it known that she would not be willing to drive a school bus because of her disorder. Perhaps plaintiff was confident that her employer would demand that she drive a school bus despite her seizure disorder, and she wanted to make her position on the matter immediately clear. Under such perfectly plausible circumstances, there would have been no reason for the employer to then demand that she drive the school bus, as plaintiff had already made it clear that she would not do so.

I believe that where an employee is forced to choose between being terminated or engaging in conduct which would violate public policy, and where the employer, in fact, discharges the employee for refusing to engage in the conduct in question, that employer has committed the tort of wrongful discharge in violation of public policy. I further believe that plaintiff's complaint alleges all of the substantive elements of a claim for wrongful discharge in violation of public policy, and gives sufficient notice of the events which produced the claim to enable defendant to present any defense and to prepare for trial. Because we must liberally construe plaintiff's complaint with a view to substantial justice between the parties, I cannot concur that plaintiff has failed to state a claim for wrongful discharge in violation of public policy.

Moreover, I would reverse the trial court's order because I do not believe that the claim in question is subject to the 180-day statute of limitations in the North Carolina Persons With Disabilities Protection

Act (the "NCPDPA"). The claim in question is a common law wrongful discharge claim and is subject to a three-year statute of limitations pursuant to N.C. Gen. Stat. § 1-52(5) (1999). *See Renegar v. R.J. Reynolds Tobacco Co.*, 145 N.C. App. 78, 79, 549 S.E.2d 227, 229, *disc. review denied*, 354 N.C. 220, 554 S.E.2d 344 (2001). Plaintiff's claim was filed within three years of the date of her termination. It would be both contrary to established law, and ultimately ironic, to hold that plaintiff's wrongful discharge claim is barred by the statute of limitations in the NCPDPA because, unfortunately for her, her claim happens to involve the fact that she suffers from a disorder that would qualify as a "disabling condition" under the NCPDPA. *See Simmons v. Chemol Corp.*, 137 N.C. App. 319, 323, 528 S.E.2d 368, 371 (2000) (holding provisions of NCHPPA—now retitled NCPDPA—not applicable to wrongful discharge in violation of public policy claim, even where claim is based upon allegation that plaintiff was terminated because of disability); N.C. Gen. Stat. § 168A-2 (1999) (stating that the NCPDPA seeks to protect disabled individuals from discrimination based upon their disability).

I would reverse the trial court's order granting defendant's motion to dismiss because (1) I believe the allegations in the complaint are sufficient to state a claim for wrongful discharge in violation of public policy, and because (2) I believe that the trial court erred in ruling that plaintiff's claim is barred by the statute of limitations in the NCPDPA.

For the reasons set forth herein, I dissent.