PAUL T. REEVES, T/A REEVES AUCTION COMPANY & REALTY
v. JACK POWELL JURNEY

No. 7523DC970

(Filed 16 June 1976)

1. **Parties § 2; Rules of Civil Procedure § 17— action on check — real estate agent — real party in interest**

A real estate agent could properly bring an action to recover on a check made payable to the agent on which payment had been stopped and which had been given to the agent as earnest money to apply on the purchase price of property the agent was selling for the owners thereof, notwithstanding the agent testified that he disclaimed any personal interest in proceeds of the check and that he considered the proceeds to be the property of the owners, since the action was not brought to recover on the contract of sale but was brought to recover on a check to which the agent was a party. G.S. 1A-1, Rule 17(a).

2. **Rules of Civil Procedure § 17— ratification of action after completion of trial**

The trial court erred in refusing to consider a ratification of a real estate agent's action filed by the owners of the property in question after completion of the trial but before judgment was entered.

APPEAL by plaintiff from *Osborne, Judge.* Judgment entered 15 September 1975 in District Court, ALLEGHANY County. Heard in the Court of Appeals 16 March 1976.

Civil action to recover $1,000.00, the amount of a check drawn by defendant payable to plaintiff on which payment was stopped. The case was tried by the court without a jury.

Plaintiff testified he was a real estate agent with whom Elmer and Ruth Osborne listed their farm for sale. He showed the farm to defendant. On 12 June 1974 defendant signed a written offer to purchase and gave plaintiff the check as earnest money to apply on the purchase price. On 12 June 1974 Mr. and Mrs. Osborne signed acceptance of the offer. Plaintiff deposited the check in his escrow account, but it was returned to him by the bank with notation that payment was stopped. The written contract of sale signed by defendant and the Osbornes, which was introduced in evidence by plaintiff, provided that the "earnest money shall be forfeited as liquidated damages" if the purchaser failed to comply with the terms of his contract.

Reeves v. Jurney

Defendant admitted signing and delivering the check and the offer to purchase, but testified he did so under an oral understanding with plaintiff that the entire transaction was to be subject to the condition that his brother approve the purchase after viewing the property. He testified that on the next day, 13 June 1974, he stopped payment on the check when he realized the weak position he had put himself in by not requiring the condition to be put in the instrument.

After close of defendant's evidence, plaintiff was recalled by the court. During the course of his testimony he stated that he considered the $1,000.00 to be Mr. and Mrs. Osborne's money, that if he recovered it the attorney's fee would be paid and "every penny of the balance will go to Mr. and Mrs. Osborne," and that he would not receive a cent of it for acting as their agent.

The trial occurred at the 8 September 1975 session of District Court. Before judgment was entered and on 10 September 1975, Elmer and Ruth Osborne signed a ratification of the action under Rule 17 (a) of the Rules of Civil Procedure. In this they ratified commencement of the action, authorized plaintiff to proceed with the cause as their agent as if they had been parties from the outset, and consented to become parties of record and to be bound as fully as if they had been original plaintiffs.

On 15 September 1975 the court entered judgment making findings of fact from which it concluded that defendant breached the contract with Mr. and Mrs. Osborne by failing to purchase the property and by stopping payment on the check, but that plaintiff is not the real party in interest with respect to the contract except as to any commissions he might receive, which commissions were not proven. The court ruled that the ratification filed after completion of the trial should not be allowed or considered, and adjudged that plaintiff recover nothing of defendant. Plaintiff appealed.

*Edmund I. Adams for plaintiff appellant.*

*Arnold L. Young for defendant appellee.*

PARKER, Judge.

[1] The court erred in ruling that plaintiff lacks interest to prosecute this action. Under the pleadings this action was not

brought to enforce or to recover on the contract of sale as to which plaintiff was not a party. It was brought to recover on the check payable to plaintiff on which payment was stopped. "A check is a contract within itself. By the act of drawing and delivering it to the payee, the drawer commits himself to pay the amount of the check in event the drawee refuses payment upon presentment." *Kirk Co. v. Styles, Inc.,* 261 N.C. 156, 159, 134 S.E. 2d 134, 136 (1964). By acting in apt time, the drawer of a check may stop its payment, G.S. 25-4-403, but "his revocation of the bank's authority to pay the check does not discharge his liability to the payee or holder." *Kirk Co. v. Styles, Inc. supra,* p. 159. Plaintiff's disclaimer of any personal interest in proceeds of the check and his testimony that he considered such proceeds to be the property of the Osbornes did not deprive him of the right to maintain this action. G.S. 1A-1, Rule 17(a) includes provision that "a party with whom or in whose name a contract has been made for the benefit of another . . . . may sue in his own name without joining with him the party for whose benefit the action is brought."

[2]  The court also erred in refusing to consider the ratification filed by the Osbornes. Rule 17(a) provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

The judgment appealed from is reversed and this cause is remanded for further proceedings consistent herewith.

Reversed and remanded.

Judges BRITT and CLARK concur.