CHEROKEE INSURANCE COMPANY, BY AND THROUGH DAVID S. WEED, SPECIAL DEPUTY COMMISSIONER OF COMMERCE AND INSURANCE FOR THE REHABILITATION OF CHEROKEE INSURANCE COMPANY v. R/I, INC., AKA REINSURANCE INTERMEDIARIES

No. 8915SC377

(Filed 6 February 1990)

**Limitation of Actions § 12.1 (NCI3d) — voluntary dismissal — action refiled within one year — different parties**

    The trial court properly granted defendant's motion for summary judgment based upon the statute of limitation where the parties agreed that the statute of limitation on a contract dispute began to run on 31 December 1984; plaintiff filed a complaint on 2 December 1987 naming Reinsurance Intermediaries, Inc. as the defendant; the summons was issued to Richard Edens as president and/or chairman of the board of directors of Reinsurance Intermediaries; the summons was accepted by Robert E. Hykes; plaintiff's contractual dispute was with R/I, Inc.; Reinsurance Intermediaries, Inc. was a separate, independent but inactive corporation; Robert Edens and Robert Hykes were officers of both corporations and both corporations used the same address; R/I, Inc. had in the past used the name Reinsurance Intermediaries; plaintiff was at that time litigating the same dispute with R/I, Inc. in Tennessee; plaintiff voluntarily dismissed the North Carolina ac-

tion against Reinsurance Intermediaries, Inc. on 16 December 1987 and filed an action in North Carolina on 22 June 1988 naming R/I aka Reinsurance Intermediaries as defendant; and the summons was issued to R/I, Inc. aka Reinsurance Intermediaries at the same address. The allegations in both complaints were substantially the same; however, the defendants were distinct and separate corporate entities, and the fact that they shared an address, directors and officers is immaterial. N.C.G.S. § 1A-1, Rule 41(a)(1).

**Am Jur 2d, Limitation of Actions § 313.**

APPEAL by plaintiff from judgment entered 14 November 1988 by *Judge Donald W. Stephens* in ALAMANCE County Superior Court. Heard in the Court of Appeals 13 October 1989.

*Littleton, Weed & Hubbard, by William B. Hubbard and Brenner B. Lackey, and Alan E. Ferguson, for plaintiff-appellant.*

*LeBoeuf, Lamb, Leiby & MacRae, by Peter M. Foley and Stephanie L. Hutchins, for defendant-appellee.*

GREENE, Judge.

In this civil action the trial court granted defendant's motion for summary judgment based on the statute of limitation and other issues. Plaintiff appeals.

The evidence tends to show that the Cherokee Insurance Company and R/I, Inc. entered into a contractual relationship in 1980. The parties agree that the statute of limitation on a dispute arising therefrom began to run on 31 December 1984.

On 2 December 1987 the plaintiff filed a complaint naming Reinsurance Intermediaries, Inc. as the defendant. The summons was issued to Richard Edens as president and/or chairman of the board of directors of Reinsurance Intermediaries, Inc. at 2855 South Church in Burlington, North Carolina. The summons was accepted at that location by Robert E. Hykes. The plaintiff's contractual dispute was with R/I, Inc., and Reinsurance Intermediaries, Inc. was a separate, independent but inactive corporation. Richard Edens and Robert Hykes were officers of both corporations, and both corporations used the same address. Furthermore, R/I, Inc. had in the past used the name Reinsurance Intermediaries. Also, at

the time of this filing, the plaintiff was litigating the same dispute with R/I, Inc. in Tennessee.

The plaintiff voluntarily dismissed the North Carolina action against Reinsurance Intermediaries, Inc. on 16 December 1987. On 22 June 1988 the plaintiff filed an action in North Carolina naming "R/I aka Reinsurance Intermediaries" as defendant. The summons was issued to R/I, Inc., aka Reinsurance Intermediaries at 2855 South Church Street in Burlington. The trial court found that this second filing occurred after the statute of limitation had tolled, and thus it granted defendant's motion for summary judgment.

---

The issue presented is whether the voluntary dismissal of an action against Reinsurance Intermediaries, Inc. extended the statute of limitation for filing an action against R/I, Inc.

There is no disagreement that this dispute arises out of a contract, and thus a three-year limitation commenced on 31 December 1984. N.C.G.S. § 1-52 (1983). The plaintiff argues that its complaint against R/I, Inc. on 22 June 1988 was timely because its earlier voluntary dismissal of an action against Reinsurance Intermediaries, Inc. provided a right to sue R/I, Inc. within one year from 16 December 1987, the date of the voluntary dismissal. Although R/I, Inc. and Reinsurance Intermediaries, Inc. are separate and distinct entities, the plaintiff argues that the initial filing against Reinsurance Intermediaries, and the surrounding circumstances, provided actual notice to R/I, Inc. and thus the plaintiff should receive the benefit of the Rule 41(a) extension. We disagree.

N.C.G.S. § 1A-1, Rule 41(a)(1) (1983) reads in pertinent part:

If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, *a new action based on the same claim* may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall satisfy a shorter time. [Emphasis added.]

To benefit from the one-year extension of the statute of limitation, the second action must be "substantially the same, involving the same parties, the same cause of action, and the same right. . . ." McIntosh, *North Carolina Practice and Procedure* § 312, at 187 (1956) (construing N.C.G.S. § 1-25, a predecessor of Rule 41(a)(1) ). *See Holley v. Hercules, Inc.*, 86 N.C. App. 624, 628, 359 S.E.2d

47, 50 (1987); *see also Goodson v. Lehmon,* 225 N.C. 514, 35 S.E.2d 623 (1945); *Davis v. Norfolk-Southern R.R. Co.,* 200 N.C. 345, 157 S.E. 11 (1931); *Rowland v. Beauchamp,* 253 N.C. 231, 116 S.E.2d 720 (1960); *Hall v. Carroll,* 253 N.C. 220, 116 S.E.2d 459 (1960); *see generally* Annot. "Limitations-Savings Statute-Parties," 13 A.L.R. 3d 848 (1967).

Although we have found no North Carolina cases involving facts closely similar to the case at hand, cases decided in other states applying savings statutes similar to our own have found the parties were not the same. For example, in *Vari v. Food Fair Stores, New Castle, Inc.,* 205 A.2d 529 (Del. 1964), the plaintiff was injured in a store operated by Food Fair Stores, New Castle, Inc. The plaintiff initially sued Food Fair Stores Corporation, a corporation separate and distinct from the defendant on appeal. After losing its initial suit on defendant's motion for summary judgment, the plaintiff instituted a second suit against Food Fair Stores, New Castle, Inc. The Delaware Supreme Court affirmed the trial court's grant of summary judgment for the defendant on the grounds that the statute of limitation had run since that state's saving clause had not been activated for the second defendant. The court found that the difference in the parties was more than nominal, even though the two corporations had the same resident agent and had at least two officers in common.

Another situation similar to the case at hand was presented in *McCoy Enterprises v. Vaughn,* 268 S.E.2d 764 (Ga. App. 1980) where the initial suit named Mr. James R. McCoy and Mrs. Irene W. McCoy, d/b/a Irene McCoy's Beauty Shop as defendants. "Subsequent discovery revealed that the correct owner of the beauty shop in question was McCoy Enterprises, a Georgia corporation, but that Mr. and Mrs. McCoy were the sole officers, directors and agents of said corporation." 268 S.E.2d at 765. The initial suit was voluntarily dismissed at mid-trial due to the unavailability of a key witness. A few weeks later the plaintiff "refiled" his complaint, naming McCoy Enterprises as the sole defendant. Noting that the plaintiff had never amended his original suit to name McCoy Enterprises, the court there held that the plaintiff "cannot maintain a 'renewal' action against it in light of the intervening statute of limitation." *Id.*

Another instructive case is *Cornwell v. Williams Brothers Lumber Co., et al.,* 229 S.E.2d 551 (1976), where the plaintiff collided

SELLERS v. HIGH POINT MEM. HOSP.

[97 N.C. App. 299 (1990)]

with a truck driven by an employee of Williams Brothers Concrete Company, but sued Williams Brothers Lumber Company. In discovery the plaintiff learned that the concrete and lumber companies were separate entities and that the truck was owned by the concrete company. However, both the companies shared an address and they had substantially the same officers and directors. The plaintiff voluntarily dismissed his action against Williams Brothers Lumber Company and later refiled against both companies after the statute of limitation had run. The court there held that the voluntary dismissal did not extend the statute of limitation for suit against the concrete company. *Id.; see also Henthorn v. Collins*, 118 S.E.2d 358 (W.Va. 1961).

Here the allegations and the plaintiff in both complaints are substantially the same. However, the defendants are distinct and separate corporate entities, and the fact that they share an address and directors and officers is immaterial. Therefore, we affirm the summary judgment for R/I, Inc. on the statute of limitation grounds.

Affirmed.

Judges EAGLES and PARKER concur.