SHEILA WESTINGHOUSE, Administratrix of the Estate of STEVIE HICKSON
v. ANGELA U. HAIR and NATHANIEL GAINEY

No. 9212SC47

(Filed 21 July 1992)

**Death § 26 (NCI4th) — wrongful death action — plaintiff later qualified as administratrix — statute of limitations — amended pleading — relation back**

> Where the original pleading in a wrongful death action instituted before the statute of limitations expired by a plaintiff who had not yet qualified as the administratrix of decedent's estate gave notice of the transactions and occurrences upon which the claim was based, and plaintiff qualified as administratrix after the statute of limitations had run, plaintiff was entitled under Rules 15(c) and 17(a) to amend her pleading to show that the action was instituted in her capacity as personal representative and to have the amendment relate back to the commencement of the action so that the claim was not time barred.

**Am Jur 2d, Executors and Administrators §§ 1246 et seq.**

**Tolling or interruption of running of statute of limitations pending appointment of executor or administrator for tortfeasor in personal injury or death action. 47 ALR3d 179.**

APPEAL by plaintiff from order entered 18 September 1991 in CUMBERLAND County Superior Court by *Judge William C. Gore, Jr.* Heard in the Court of Appeals 19 June 1992.

*Barton & Lee, by C. Leon Lee, II and Cheri L. Siler, for plaintiff-appellant.*

*No brief filed by defendant, Angela U. Hair.*

*Anderson, Broadfoot, Johnson, Pittman & Lawrence, by Steven C. Lawrence, for defendant-appellee, Nathaniel Gainey.*

WYNN, Judge.

Stevie Hickson was killed on 23 July 1989 when he was struck by an automobile. Mr. Waddell Hickson, Sr., (Mr. Hickson) subsequently was appointed personal representative of the estate of Stevie Hickson. On 12 April 1991, Mr. Hickson executed a power

**WESTINGHOUSE v. HAIR**

[107 N.C. App. 106 (1992)]

of attorney giving Ms. Sheila H. Westinghouse (Ms. Westinghouse) the authority to "transact any and all business associated with the wrongful death of Stevie Hickson . . . ." On 22 July 1991, Mr. Hickson renounced his right to qualify as executor and administrator of the estate of Stevie Hickson and requested that Ms. Westinghouse be appointed administratrix of the estate. The next day, prior to receiving letters of administration, Ms. Westinghouse filed a wrongful death action captioned: "IN RE: STEVIE HICKSON Plaintiff v. ANGELA U. HAIR and NATHANIEL GAINEY Defendants." Two days later, letters of administration were issued to Ms. Westinghouse.

Defendant Nathaniel Gainey filed motions to dismiss the action on 4 September 1991, on the grounds the action was not brought by the personal representative within the two-year period of the applicable statute of limitations. Ms. Westinghouse then filed an amended complaint to reflect the bringing of the action by her in her representative capacity on 13 September 1991. The court dismissed the complaint against defendant Nathaniel Gainey on 18 September 1991. From this order, plaintiff appeals.

---

The question before us is whether the trial court erred by dismissing the complaint against defendant Gainey on the ground that the action was not properly brought in the name of the personal representative within the applicable statute of limitations.

An action for wrongful death is a creature of statute and only can be brought by the personal representative or collector of the decedent. N.C. Gen. Stat. § 28A-18-2(a) (1991); *Graves v. Welborn*, 260 N.C. 688, 133 S.E.2d 761 (1963). The plaintiff must both allege and prove that he has the capacity to sue. *Journigan v. Little River Ice Co.*, 233 N.C. 180, 63 S.E.2d 183 (1951). Moreover, the action must be instituted by the personal representative within two years after the death of the decedent. N.C. Gen. Stat. § 1-53(4) (1983).

For years North Carolina followed a minority rule that when a wrongful death action was not brought in a proper capacity, any attempt to remedy the defect subsequent to the running of the statute of limitations was ineffective to overcome the bar of the statute of limitations. *Burcl v. Hospital*, 306 N.C. 214, 293 S.E.2d 85 (1982). Our Supreme Court, however, in *Burcl*, changed this long-standing rule.

*Burcl* involved a wrongful death action brought by a person who had qualified as administrator of the estate in the State of Virginia but had not qualified as ancillary administrator in North Carolina at the time of commencement of the action, and who did not qualify as ancillary administrator until after the statute of limitations expired. The defendants moved to dismiss the action on the ground plaintiff lacked capacity or standing to prosecute the action. Plaintiff responded by qualifying as ancillary administrator and by moving to amend her pleading to show her ancillary qualification and to permit her showing of local qualification to relate back to the commencement of the action. The trial court allowed the motion to dismiss on the ground an amendment could not relate back to defeat the bar of the statute of limitations.

The Supreme Court reversed, relying upon Rules 15 and 17 of the North Carolina Rules of Civil Procedure. The Court noted that subsection (a) of Rule 15 permits a party to amend his pleading once as a matter of course at any time before a responsive pleading is served and subsection (d) of Rule 15 permits a party to supplement a pleading by setting forth transactions or occurrences or events which may have happened since the date of the original pleading. Rule 15(c) states that a claim asserted in an amended pleading is deemed to have been interposed at the time of the original pleading, unless the original pleading "does not give notice of the transactions, occurrences, or series of transactions or occurrences" alleged in the amended pleading. N.C.R. Civ. P. 15(c). Furthermore, Rule 17(a) provides in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

N.C.R. Civ. P. 17(a).

The Court stated in *Burcl*:

> It is at once apparent from the face of Rules 15(c) and 17(a) that they have changed our approach to the problems, respectively, of whether a given pleading relates back to the beginning of the action and how to deal with a claim brought by

a party who has no capacity to sue. Whether an amendment to a pleading relates back under Rule 15(c) depends no longer on an analysis of whether it states a new cause of action; it depends, rather, on whether the original pleading gives "notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." . . . No longer is the real party in interest in a case precluded from being made the plaintiff after the statute of limitations has run on a claim timely filed by one who lacked the capacity to sue because he was not the real party in interest. Rather, under Rule 17(a), "a reasonable time [must be] allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

306 N.C. at 224-25, 293 S.E.2d at 91-92 (citations omitted).

Applying the foregoing guidelines to the present facts, where the original pleading gives sufficient notice of the transaction and occurrences upon which the claim is based, a supplemental pleading that merely changes the capacity in which the plaintiff sues relates back to the commencement of the action. *Id.* at 228, 293 S.E.2d at 94. In the instant case, the amended complaint was identical to the original pleading with the exception of the change of caption to reflect the bringing of the action in the capacity of personal representative. Defendant thus had notice of the transactions, occurrences, or series of transactions or occurrences to be proved. As the defendants in *Burcl,* defendant in this case is in no way prejudiced by allowing plaintiff to amend her pleading to show her capacity to sue and having it relate back to the date of the original pleading.

For the foregoing reasons, we reverse the order of the trial court and remand the matter for further proceedings.

Reversed and remanded.

Chief Judge HEDRICK and Judge JOHNSON concur.