ESTATE OF BRIAN GILBERT TALLMAN, BY THE EXECUTRIX OF HIS ESTATE, KELLE RENZULLI TALLMAN, PLAINTIFF v. THE CITY OF GASTONIA, N.C., DEFENDANT

No. COA08-1021

(Filed 15 September 2009)

**Statutes of Limitation and Repose— wrongful death—qualification of administratrix of estate—ratification and relation back**

> The dismissal of a wrongful death action as barred by the statute of limitations was reversed where plaintiff was not appointed as administratrix of the estate until after the statute of limitations had run. Ms. Tallman's participation in the lawsuit once she had become administratrix was sufficient to ratify the filing of the summons and application for extension of time.

Appeal by plaintiff from order entered 29 May 2008 by Judge Richard D. Boner in Gaston County Superior Court. Heard in the Court of Appeals 12 February 2009.

> *Don H. Bumgardner, Attorney at Law, by Thomas D. Bumgardner, for plaintiff-appellant.*

> *Stott, Hollowell, Palmer & Windham, L.L.P., by Martha Raymond Thompson and Aaron C. Low, for defendant-appellee.*

GEER, Judge.

Plaintiff Kelle Renzulli Tallman, acting in her capacity as administratrix of the estate of Brian Gilbert Tallman, appeals the trial court's dismissal of this wrongful death action as barred by the statute of limitations. An order extending the time to file the complaint in this action was obtained pursuant to Rule 3 of the Rules of Civil Procedure prior to the running of the statute of limitations, and the complaint was timely filed in accordance with that order. Ms. Tallman was not, however, appointed as administratrix of the estate

ESTATE OF TALLMAN v. CITY OF GASTONIA

[200 N.C. App. 13 (2009)]

until the day after the filing of the complaint. On appeal, Ms. Tallman argues that under our Supreme Court's decision in *Burcl v. N.C. Baptist Hosp., Inc.*, 306 N.C. 214, 293 S.E.2d 85 (1982), this action is not time-barred since her ratification of this action once she was properly named the administratrix relates back to the issuance of the summons. We agree that *Burcl* squarely controls the outcome of this case, and accordingly we reverse.

Facts

Brian Gilbert Tallman, the decedent, died on 21 December 2004. On 20 December 2006, an application was filed pursuant to Rule 3 of the Rules of Civil Procedure, seeking an extension of the time to file "a wrongful death action involving employees of the Fire Department of the City of Gastonia and other employees and officers for failure to provide appropriate emergency care on December 21, 2004." The plaintiff was identified as the "Estate of Brian Tallman by the Executrix of his Estate, Kellie R. Tallman." On 20 December 2006, the assistant clerk of superior court entered an order allowing the application and granting an extension up to and including 9 January 2007. The application, order, and a civil summons were served on the City on 3 January 2007.

On 8 January 2007, Ms. Tallman filed a wrongful death complaint against the City, again naming the "Estate of Brian Gilbert Tallman, by the Executrix of his Estate, Kelle Renzulli Tallman" as the plaintiff. On 9 January 2007, however, Ms. Tallman applied for and received letters of administration and became the administratrix of the decedent's estate.

The complaint alleged that on 21 December 2004, the decedent suffered a heart attack at his home. His stepson called 911 and began performing CPR. When the first responders arrived, they stopped the stepson from performing CPR and called for the paramedics. During the several minutes that elapsed between the arrival of the first responders and the arrival of the paramedics, no CPR was performed, and no other aid was given to the decedent. The complaint alleged that the decedent died as a result of the first responders' failure to continue CPR or provide oxygen and/or an airway when they knew or should have known such assistance was needed. The complaint further asserted that the City was negligent in failing to properly train and equip its first responders to provide emergency care in emergency medical situations until the paramedics arrive.

**ESTATE OF TALLMAN v. CITY OF GASTONIA**

[200 N.C. App. 13 (2009)]

On 12 February 2007, the City moved to dismiss the complaint pursuant to Rules 12(b)(1), (5), and (6) of the Rules of Civil Procedure for failure to state a claim for relief and lack of subject matter jurisdiction. The City contended first that Ms. Tallman "was without legal capacity to present a claim within the time permitted by law, whereby she was not the Executrix of the Estate and further that no Estate existed during the time that an action might be brought pursuant to the laws of this State thereby barring any claims by Plaintiff." The City alternatively argued that the complaint failed to comply with Rule 9(j) of the Rules of Civil Procedure.

On 29 May 2008, the trial court concluded that "the 12(b)(6) Motion as to a Rule 9(j) certification should be denied, as firefighters acting as First Responders do not appear to [be] contemplated in the 9(j) certification requirement . . . ." The court nonetheless granted the motion to dismiss "as the Estate file, 07 E 36, clearly shows that no estate existed on December 20, 2006 when application was made in the name of the estate for a 20-day Extension of Time to file the Complaint, Kelle Renzulli Tallman had no capacity to act, the statute of limitation ran on December 21, 2006, and the Application for Letters was made and Letters for Appointment of a personal representative were issued on January 9, 2007; therefore the December 20, 2006 Application for Extension of Time to File a Complaint is void." Ms. Tallman timely appealed to this Court.

Discussion

N.C. Gen. Stat. § 1-53(4) (2007) provides that "[a]ctions for damages on account of the death of a person caused by the wrongful act, neglect or fault of another under G.S. 28A-18-2" must be brought within two years of the decedent's death. N.C. Gen. Stat. § 28A-18-2(a) (2007) further requires:

> When the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured person had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their personal representatives or collectors, shall be liable to an action for damages, *to be brought by the personal representative or collector of the decedent* . . . .

(Emphasis added.) It is well established that "[a]n action for wrongful death is a creature of statute and only can be brought by the personal representative or collector of the decedent." *Westinghouse v. Hair*, 107 N.C. App. 106, 107, 418 S.E.2d 532, 533 (1992).

In this case, the wrongful death action was commenced pursuant to Rule 3(a) of the Rules of Civil Procedure: "A civil action may also be commenced by the issuance of a summons when (1) [a] person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and (2) [t]he court makes an order stating the nature and purpose of the action and granting the requested permission." There is no dispute that the application for an extension of time was filed prior to the running of the wrongful death statute of limitations and that the complaint was subsequently filed within the time frame allowed by the court's order granting the Rule 3 application.

The summons, the application, and the complaint ultimately filed, however, all identified the plaintiff as "Estate of Brian Gilbert Tallman by the Executrix of his Estate, Kelle Renzulli Tallman." The trial court based its dismissal on the fact that Ms. Tallman had not qualified as an administratrix as of the date she filed the summons and application for an extension of time to file the complaint. The question before this Court is whether Ms. Tallman's appointment as administratrix—the day after the complaint was filed and after the statute of limitations had run—related back to the filing of the summons for statute of limitations purposes.

As this Court explained in *Westinghouse*, 107 N.C. App. at 107, 418 S.E.2d at 533, "[f]or years North Carolina followed a minority rule that when a wrongful death action was not brought in a proper capacity, any attempt to remedy the defect subsequent to the running of the statute of limitations was ineffective to overcome the bar of the statute of limitations." This rule was subject to the single exception created by the Supreme Court in *Graves v. Welborn*, 260 N.C. 688, 696, 133 S.E.2d 761, 766 (1963), when a plaintiff "in good faith, and with some reason, albeit mistakenly, believed herself to be the duly appointed administratrix of the estate . . . at the time she instituted the suit." The Supreme Court in *Graves* stressed, however, that it "must not be understood as holding that one who has never applied for letters or who, having applied, had no reasonable grounds for believing that he had been duly appointed, can institute an action for wrongful death, or any other cause, upon a false allegation of appointment and thereafter validate that allegation by a subsequent appointment." *Id.* at 696-97, 133 S.E.2d at 767.

The law, however, changed significantly with the Supreme Court's decision in *Burcl*, 306 N.C. at 217, 293 S.E.2d at 87. The cause of this change was the adoption of the Rules of Civil Procedure: "We con-

clude that present Rules 15 and 17(a) dictate a different result from that which has so far been reached by the Court of Appeals on this question, and which was reached by our cases decided before the enactment of these rules." *Id.* The cases cited by the City in support of the trial court's order all predate *Burcl* and were overruled by *Burcl.*

In *Burcl,* the plaintiff, who brought a wrongful death action, had been appointed as the administrator of the decedent's estate in a state other than North Carolina. At the time she filed the wrongful death action in North Carolina, within the two-year statute of limitations, she had not yet qualified locally as an ancillary administrator—as was required to file the action—and did not do so until after the statute of limitations had run. *Id.* The plaintiff "sought to plead in the trial court to show [that she had qualified locally] and have this pleading relate back to the commencement of the action." *Id.* at 216, 293 S.E.2d at 86. The Supreme Court began its opinion by noting:

> The question is whether such a pleading may be permitted to defeat defendants' motions to dismiss grounded on the running of the statute of limitations. We recognize that our older cases answered this question negatively; but we believe that our present Rules of Civil Procedure 15 and 17(a) require that such a pleading now be permitted and that the holdings of these older cases be overruled.

*Id.*

After discussing the history of amendments of complaints in North Carolina, the Court pointed out that Rules 15 and 17 of the Rules of Civil Procedure, adopted in 1967 with amendments added in 1969, were the rules "pertinent to [that] case." 306 N.C. at 222-23, 293 S.E.2d at 90. According to the Court, "[i]t is at once apparent from the face of Rules 15(c) and 17(a) that they have changed our approach to the problems, respectively, of whether a given pleading relates back to the beginning of the action and how to deal with a claim brought by a party who has no capacity to sue." *Id.* at 224, 293 S.E.2d at 91.

Rule 15(c) has not been amended since *Burcl* and provides: "A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." The Supreme Court explained

that "[w]hether an amendment to a pleading relates back under Rule 15(c) depends no longer on an analysis of whether it states a new cause of action; it depends, rather, on whether the original pleading gives 'notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.' " 306 N.C. at 224, 293 S.E.2d at 91 (quoting N.C.R. Civ. P. 15(c)).

Rule 17(a), also not amended in pertinent part since *Burcl*, provides: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." With respect to the changes resulting from Rule 17(a), the Court explained:

> *No longer is the real party in interest in a case precluded from being made the plaintiff after the statute of limitations has run on a claim timely filed by one who lacked the capacity to sue because he was not the real party in interest.* Rather, under Rule 17(a), "a reasonable time [must be] allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

306 N.C. at 225, 293 S.E.2d at 91-92 (emphasis added) (quoting N.C.R. Civ. P. 17(a)).

The Court then turned to federal decisions construing Rules 15(c) and 17(a) and pointed out that they had "uniformly held that amendments showing a change in plaintiff's capacity to maintain the action relate back to the action's commencement." 306 N.C. at 226-27, 293 S.E.2d at 93. The Court further noted that "[t]his principle has been specifically applied to wrongful death actions in which the plaintiff had not under applicable state law duly qualified as the personal representative until after the statute of limitations had run on the claim." *Id.* at 227, 293 S.E.2d at 93. The Court then held that "where, as here, the original pleading gives notice of the transactions and occurrences upon which the claim is based, a supplemental pleading that merely changes the capacity in which the plaintiff sues relates back to the commencement of the action as provided in Rule 15(c)." *Id.* at 228, 293 S.E.2d at 93-94.

ESTATE OF TALLMAN v. CITY OF GASTONIA

[200 N.C. App. 13 (2009)]

The defendants in *Burcl* argued, however, that until the plaintiff qualified as a North Carolina administrator, she had no authority to invoke the jurisdiction of the court, that the originally-filed claim was a nullity, and that there was nothing to which her amendment showing later qualification could relate back. The Supreme Court, however, *id.* at 229, 293 S.E.2d at 94, pointed to N.C. Gen. Stat. § 28A-13-1 (2007), which even today provides in relevant part: "The powers of a personal representative relate back to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. . . . A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative."[1]

Finally, like the City in this case, the defendants in *Burcl* pointed to Rule 9, which requires that a plaintiff specially plead the capacity in which he or she sues, and argued that it controlled over Rule 17. The Supreme Court disagreed, reasoning:

Subsection (a) [of Rule 17] deals specifically with what happens when an action is brought by one who is not the real party in interest. Thus Rule 17(a) speaks to a problem very much like, although not identical to, the one we have here, *i.e.*, what happens when an action is brought by a person who has no capacity to sue. Rule 17(a) permits the real party in interest to ratify the action after its commencement and to have the ratification relate back to the commencement. Indeed, amendments to pleadings which substitute the real party in interest for a person who did not enjoy that capacity when he brought the claim is a more drastic change in the kind of claimant than an amendment which merely changes the capacity in which the same named individual is suing. Rule 17(a) expressly authorizes the former substitution of one party for another. Rule 15, particularly subsection (c), when considered in light of Rule 17(a), just as clearly authorizes the latter change in capacity in which the same plaintiff brings his claim.

306 N.C. at 230, 293 S.E.2d at 94-95.

Because the *Burcl* "[d]efendants had full notice of the transactions and occurrences upon which this wrongful death claim [was] based when the claim was originally filed within the period of limita-

---

1. The Supreme Court's rejection of this argument disposes of the trial court's determination, in this case, that the application for an extension of time was "void."

tions by plaintiff in her capacity as a foreign administrator[,]" the Court held they could not establish that allowing the plaintiff to show the change in her capacity through a supplemental pleading under Rule 15 would prejudice them. 306 N.C. at 230, 293 S.E.2d at 95. The Court reasoned that "[t]he purpose served by the statute of limitations—protection against stale claims—[was] in no way compromised by allowing such a pleading to relate back to the action's commencement." *Id.* The Court, therefore, reversed and remanded to the superior court for further proceedings. *Id.* at 231, 293 S.E.2d at 95.

*Burcl* was applied by this Court in *Westinghouse,* 107 N.C. App. at 106-07, 418 S.E.2d at 532, in which the deceased's personal representative renounced his right to qualify as executor or administrator of the estate and requested that the plaintiff be appointed administratrix. Prior to receiving letters of administration and on the day that the statute of limitations was due to run, the plaintiff filed a wrongful death action on behalf of the estate; two days later, she was issued letters of administration. *Id.* at 107, 418 S.E.2d at 532-33. The plaintiff subsequently filed an amended complaint reflecting that she had brought the action in her representative capacity. As in this case, the defendants successfully moved to dismiss the action on the grounds that it had not been brought by the personal representative within the statute of limitations. *Id.,* 418 S.E.2d at 533.

This Court held that, under *Burcl,* "where the original pleading gives sufficient notice of the transaction and occurrences upon which the claim is based, a supplemental pleading that merely changes the capacity in which the plaintiff sues relates back to the commencement of the action." 107 N.C. App. at 109, 418 S.E.2d at 534. The Court concluded that since the amended complaint was identical to the original pleading "with the exception of the change of caption to reflect the bringing of the action in the capacity of personal representative," the defendant was "in no way prejudiced by allowing plaintiff to amend her pleading to show her capacity to sue and having it relate back to the date of the original pleading." *Id.*

The City argues that *Burcl* and *Westinghouse* are distinguishable from this case because, in each case, the plaintiff had a good faith belief that she qualified as an administratrix and showed excusable neglect. While *Westinghouse* appears almost identical to this case and contains no reference to good faith or excusable neglect, this purported distinction is, in any event, immaterial. In *Burcl,* our Supreme Court acknowledged the exception in *Graves* for good-faith

mistakes and observed that "[a] strong argument can be made that because plaintiff here brought her action not as an individual, but in her representative capacity as administrator, and believed in good faith that she was duly authorized to bring it, she should under the *Graves* rationale be permitted to amend her pleading to show her local qualification and have it relate back to the commencement of her action." 306 N.C. at 219, 293 S.E.2d at 88-89. Nonetheless, the Court decided: "We need not, however, rest our decision on this ground, for we are satisfied that Civil Procedure Rules 15 and 17, enacted since *Graves*, require the result reached in that case." *Id.* at 219, 293 S.E.2d at 89. Thus, *Burcl* recognized that a showing of "good faith" is not required. *Westinghouse* suggests nothing to the contrary.

The City also attempts to distinguish *Burcl* and *Westinghouse* on the ground that, in each of those cases, an "estate had already been opened." In *Burcl*, there was an estate opened in Virginia, while in *Westinghouse*, another person had previously been named personal representative. The City does not explain, and we cannot see, how this fact makes any difference to the Supreme Court's and this Court's analysis in *Burcl* and *Westinghouse*. The question is whether a personal representative brought the wrongful death action within the two-year statute of limitations. The estate was not, and could not be, a party to the action.[2] *Burcl* and *Westinghouse*, therefore, control with respect to this appeal.

The City also argues that the fact that no estate had been opened upon the filing of the initial application to extend time means that any amendment would constitute a substitution of parties under Rule 15(c) in violation of *Crossman v. Moore*, 341 N.C. 185, 459 S.E.2d 715 (1995), and *Reece v. Smith*, 188 N.C. App. 605, 655 S.E.2d 911, *disc. review denied*, 362 N.C. 510, 668 S.E.2d 338 (2008). According to the City, "Plaintiff-Appellant cannot now say that the Complaint, which was filed after the statute of limitations had passed, should be amended under Rule 15(c) to add the newly created estate and its newly appointed administrator as a party because such an amendment would substitute the non-existent estate, which filed the initial application, with the newly created entity."

---

2. In addition, as this Court has previously stressed: "It is well established that proceeds from wrongful death actions are not part of a decedent's estate." *In re Estate of Parrish*, 143 N.C. App. 244, 248, 547 S.E.2d 74, 76-77, *disc. review denied*, 354 N.C. 69, 553 S.E.2d 201 (2001). In receiving funds obtained as a result of a wrongful death action, " 'a personal representative of a decedent's estate is not acting for the estate but as a trustee for the beneficiaries under the law.' " *Id.*, 547 S.E.2d at 77 (quoting *In re Below*, 12 N.C. App. 657, 660, 184 S.E.2d 378, 381 (1971)).

The City's argument overlooks Rule 17(a), which specifically allows the substitution of parties, as discussed by the Supreme Court in *Burcl*. Moreover, the assumption underlying the City's argument—that an estate is an entity—is contrary to the law. *See Blumenthal v. Lynch*, 315 N.C. 571, 579, 340 S.E.2d 358, 362 (1986) (" 'The estate of a deceased person is not an entity known to the law, and is not a natural or an artificial person, but is merely a name to indicate the sum total of assets and liabilities of a decedent.' " (quoting 33 C.J.S. *Executors and Administrators* § 3(e) (1942))); *see also* 31 Am. Jur. 2d *Executors and Administrators* § 1118 (2008) (" 'Estates' are not natural or artificial persons, and they lack legal capacity to sue or be sued, and it is well settled that all actions that survive a decedent must be brought by or against the personal representative.").

Ms. Tallman originally brought this action in the capacity of Executrix of the Estate of Brian Gilbert Tallman. She subsequently obtained letters of administration and seeks to proceed in her capacity as administratrix of the estate of Brian Gilbert Tallman and as the real party in interest under Rule 17(a). The Supreme Court held in *Burcl* that the relevant inquiry under these circumstances is whether "[d]efendants had full notice of the transactions and occurrences upon which this wrongful death claim [was] based when the claim was originally filed within the period of limitations by plaintiff . . . ." 306 N.C. at 230, 293 S.E.2d at 95.

The application for extension of the time to file the complaint advised the City that "[t]his is a wrongful death action involving employees of the Fire Department of the City of Gastonia and other employees and officers for failure to provide appropriate emergency care on December 21, 2004." This statement provided the City with notice that the lawsuit involved the death of Brian Tallman on 21 December 2004 when employees of the City's Fire Department allegedly failed to provide appropriate emergency care. The notice, therefore, identified the wrongful act—neglect in emergency care—and identified the occurrence by a precise date and the naming of the alleged victim. Although the City asserts that Ms. Tallman provided "no indication of what type of 'wrongful act, neglect or default of another' would constitute the wrongful death claim [that] was being alleged," the City has cited no authority that would suggest greater detail about the alleged inadequate emergency care was required. Further, the City has not pointed to (1) any significant difference between the summons and the complaint that was ultimately filed that caused surprise or (2) any prejudice that the City

ESTATE OF TALLMAN v. CITY OF GASTONIA

[200 N.C. App. 13 (2009)]

would suffer from not knowing greater detail about the lack of emergency care. We, therefore, hold that the City received the notice required by *Burcl*.

This case and *Burcl* and *Westinghouse* differ in one respect. In this case, Ms. Tallman did not file a motion to amend or a motion to supplement the complaint under Rule 15. We do not believe that this omission leads to a different result than that reached in *Burcl* and *Westinghouse*. Ms. Tallman argues that under *Burcl*, once she became the real party in interest by virtue of her appointment as administratrix of the estate, she ratified the earlier filings, and this ratification relates back to make her complaint timely. Although it might have been clearer had Ms. Tallman filed a motion to supplement pursuant to Rule 15(c) and (d), a leading commentator has noted: "Rule 15(c) has been used in conjunction with Rule 17(a) to enable an amendment substituting the real party in interest to relate back to the time the original action was filed. The same result could have been reached solely on the basis of . . . Rule 17(a)." 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure* § 1555.

Our courts have held that the real party in interest can, under Rule 17, ratify the commencement of a lawsuit in several ways: (1) by filing a formal notification with the court, *Reeves v. Jurney*, 29 N.C. App. 739, 741, 225 S.E.2d 615, 616 (holding that filing of signed document by real parties in interest stating they authorized plaintiff to proceed and agreed to be bound as if they were original plaintiffs was sufficient ratification), *disc. review denied*, 290 N.C. 663, 228 S.E.2d 454 (1976); (2) by stipulation, *Lawrence v. Wetherington*, 108 N.C. App. 543, 547, 423 S.E.2d 829, 831 (1993) (holding that real party in interest could stipulate to court that it would be bound by any decision in case); and (3) by participating in the legal proceedings, *Long v. Coble*, 11 N.C. App. 624, 629, 182 S.E.2d 234, 238 (holding that participation by counsel for real party in interest in legal proceedings was sufficient ratification), *cert. denied*, 279 N.C. 395, 183 S.E.2d 246 (1971). Here, Ms. Tallman's participation in the lawsuit once she had become administratrix was sufficient under *Long* to ratify the filing of the summons and application for extension of time. That ratification, under Rule 17(a), relates back to the filing of the summons, rendering the wrongful death action timely.

Accordingly, we hold that the trial court erred in granting the City's motion to dismiss, and we, therefore, reverse. On remand, the case should proceed in the name of the real party in interest,

Kelle Renzulli Tallman, as the administratrix for the estate of Brian Gilbert Tallman.

Reversed.

Judges STEELMAN and STEPHENS concur.