IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA21-767-2

Filed 05 September 2023

Catawba County, No. 20 CVS 1183

GARY GANTT d/b/a GANTT CONSTRUCTION, Plaintiff,

v.

CITY OF HICKORY, Defendant.

Appeal by Plaintiff from judgment entered 15 July 2021 by Judge Nathaniel J. Poovey in Catawba County Superior Court. Originally heard in the Court of Appeals 10 August 2022. Petition for Rehearing allowed 6 March 2023.

> *Milberg Coleman Bryson Phillips Grossman, PLLC, by James R. DeMay, Daniel K. Bryson, Scott C. Harris, and John Hunter Bryson, for Plaintiff-Appellant.*

> *Young, Morphis, Bach & Taylor, LLP, by Paul E. Culpepper and Timothy D. Swanson, for Defendant-Appellee.*

CARPENTER, Judge.

On 29 December 2022, this Court filed an opinion in *Gantt v. City of Hickory*, 287 N.C. App. 393, 881 S.E.2d 760 (Dec. 29, 2022) (unpublished) ("*Gantt I*"), in which we affirmed the trial court's order granting summary judgment for the City of Hickory ("Defendant") and dismissing the claims brought by Gary Gantt d/b/a Gantt Construction ("Plaintiff"). On 2 February 2023, Plaintiff filed a petition for rehearing (the "Petition") pursuant to Rule 31 of the North Carolina Rules of Appellate

Procedure. In the Petition, Plaintiff contends our holding in *Gantt I* "conflicts with the longstanding principle of relation back and a prior panel's published opinion." Due to the gravity of Plaintiff's contentions and the dearth of binding precedent concerning whether a plaintiff may benefit from the doctrine of relation back when an action is initiated under the name of a different, out-of-state entity that had no interest in the subject matter, and therefore lacked standing to bring the lawsuit, we allowed the Petition and supplemental briefing on 6 March 2023. After careful consideration of the Petition and the supplemental briefs, we again affirm the order of the trial court with a more robust explanation of our reasoning.

## I.  Factual and Procedural Background

The facts of this case are set out in *Gantt I*, and we will not fully restate them here. The relevant procedural history is as follows: This action commenced with the filing of a complaint in Catawba County under file number 19-CVS-106, with Gantt Construction Co. identified as the plaintiff, seeking a refund, on behalf of Plaintiff and a putative class of all natural persons, corporations, and other entities who at any time from 11 January 2016 through 30 June 2018 paid capacity charges to Defendant pursuant to the schedule of fees and/or Code of Ordinances adopted by Defendant. The complaint in the 19-CVS-106 action ("Original Complaint") was filed on 11 January 2019, within three years of the payment on 14 November 2016, the date Plaintiff alleges his injury occurred and his claim arose. On 18 February 2020, the Original Complaint was voluntarily dismissed without prejudice, and the

complaint was refiled on or about 28 April 2020 ("Second Complaint") asserting identical claims.

Gantt Construction Co., a "corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas[,]" was the named plaintiff in both the Original Complaint and the Second Complaint. Gary Gantt's 18 February 2020 affidavit indicated Gantt Construction Co. maintained a physical office in Hickory, North Carolina. Evidently, a Texas corporation named Gantt Construction Co. does exist; however, it is not owned, operated, or otherwise affiliated with the individual, Gary Gantt. Gary Gantt operates his construction business as a sole proprietorship in North Carolina—filing tax returns for his business under his individual name—not a corporate entity. Deposition testimony also established that Gary Gantt had not filed an assumed business name certificate to transact business in North Carolina as Gantt Construction.

On 11 December 2020, after Gary Gantt's deposition testimony revealed the Texas corporation did not pay the capacity fees in question, a motion was filed seeking to amend the Second Complaint to substitute the name of the plaintiff to "Gary Gantt d/b/a Gantt Construction." The trial court granted the motion by order entered on 12 January 2021, and Plaintiff filed an amended complaint on 13 January 2021 ("Amended Complaint"), marking the first appearance of Gary Gantt d/b/a Gantt Construction as a party to the action and simultaneously removing the Texas corporation (Gantt Construction Co.) as a named plaintiff. Also on 11 December 2020,

Gantt Construction Co. purported to file a motion for class certification, which was amended on 29 January 2021, heard on 15 February 2021, and granted in part on 22 February 2021.

Plaintiff, now Gary Gantt d/b/a Gantt Construction, filed a motion for summary judgment on 30 April 2021, which Defendant simultaneously opposed and moved that judgment be entered in its favor as the non-moving party per Rule 56(c). The trial court entered an order granting summary judgment for Defendant on 15 July 2021. On 19 July 2021, Plaintiff filed timely notice of appeal.

## II. Analysis

### A. Purported Conflict with Precedent

On rehearing, Plaintiff argues *Gantt I* conflicts with and alters precedent and established principles regarding the doctrine of relation back. Specifically, Plaintiff contends the initial opinion is inconsistent with *Burcl v. North Carolina Baptist Hospital, Inc.*, 306 N.C. 214, 293 S.E.2d 85 (1982) and *Estate of Tallman ex rel. Tallman v. City of Gastonia*, 200 N.C. App. 13, 682 S.E.2d 428 (2009). According to Plaintiff, the holdings of *Burcl* and *Tallman* compel this Court to hold that the Amended Complaint relates back to both the Original Complaint and the Second Complaint because each pleading gave Defendant full notice of the transactions and occurrences upon which Plaintiff's claim is based. We disagree.

In *Burcl*, the North Carolina Supreme Court held that where "the original pleading gives notice of the transactions and occurrences upon which the claim is

based, a[n amended] pleading that merely changes the capacity in which the plaintiff sues[,] relates back to the commencement of the action pursuant to Rule 15(c)." 306 N.C. at 228, 293 S.E.2d at 94. In *Tallman*, this Court held the appointment of the plaintiff as administratrix of her deceased husband's estate after the statute of limitations had run, related back to the filing of the summons pursuant to Rules 15(c) and 17(a) because the defendant had full notice of the transactions and occurrences upon which the claim was based. 200 N.C. App. at 22, 682 S.E.2d at 434.

This case is distinguishable from both *Burcl* and *Tallman* because those cases required amendments to alter a party's legal capacity to sue, and neither involved a voluntary dismissal under Rule 41. *See Burcl*, 306 N.C. at 216, 293 S.E.2d at 87; *Tallman*, 200 N.C. App. at 22, 682 S.E.2d at 434. Although notice may be the relevant inquiry under *Burcl* and *Tallman*, those cases only address relation back under Rules 15 and 17. *See Burcl*, 306 N.C. at 224, 293 S.E.2d at 91; *Tallman*, 200 N.C. App. at 23, 682 S.E.2d at 434–35.

Rule 41 does not pertain to amendments but instead concerns new filings of pleadings that have been voluntarily dismissed. N.C. R. Civ. P. 41(a). Plaintiff is incorrect in asserting that notice is also the determinative inquiry for the relation-back analysis under Rule 41. *See Cherokee Ins. Co. By & Through Weed v. R/I, Inc.*, 97 N.C. App. 295, 297, 288 S.E.2d 239, 240 (1990) (rejecting the plaintiff's argument that—although the two complaints named two separate and distinct legal entities, which shared an address and officers, as defendants—the plaintiff was entitled to

relation back under Rule 41 because the initial filing and the surrounding circumstances provided actual notice to the correct defendant), *disc. review denied*, 326 N.C. 594, 393 S.E.2d 875 (1990).

Because the complaints in this case involve two separate and distinct legal entities as party plaintiffs—one of which lacked standing to bring the initial suit—rather than one party whose capacity to sue has changed, *Gantt I* neither conflicts with nor disrupts the precedent set forth in *Burcl* and *Tallman*.

## B. Relation Back Under Rule 41(a)

Plaintiff's theory of this case requires us to read Rules 41, 15, and 17 of the North Carolina Rules of Civil Procedure in conjunction, and we must agree with Plaintiff's interpretation of each Rule as applied to this case for Plaintiff to prevail on appeal. For the reasons stated below, we conclude Plaintiff cannot clear the first of these procedural hurdles because he is not entitled to relation back under Rule 41.

The record is clear that the Original Complaint was filed with a corporation organized under the laws of Texas as the named plaintiff. The record is similarly clear that the Second Complaint was brought with the same Texas corporation as the named plaintiff in the action. It further appears from the record that Plaintiff's first purported appearance in the action came after the Original Complaint was dismissed, after the Second Complaint had been filed, and after the trial court granted a motion to amend the Second Complaint.

Plaintiff argues that under Rule 41, the Second Complaint, filed on or about 28 April 2020 and amended with leave of court on 13 January 2021, relates back to the Original Complaint, filed on 11 January 2019 and voluntarily dismissed on 18 February 2020, because the Original Complaint: (1) complied with all Rules governing its form and content,[1] (2) was filed prior to the expiration of the statute of limitations for the claims asserted, and (3) gave Defendant full notice of the transactions and occurrences that formed the basis of Plaintiff's claim in this action. Defendant avers Rule 41 may be invoked where a subsequent complaint relates back to an action previously dismissed without prejudice but argues Rule 41 may only be utilized if the second action involves the same parties. We agree with Defendant because where an initial action, as here, involves a plaintiff who lacked standing to bring suit, the initial complaint is a nullity, and thus, there is no valid complaint to which an amended complaint may relate back.

North Carolina Rule of Civil Procedure 41(a) provides, in relevant part:

> (a) Voluntary dismissal; effect thereof.--
> (1) By Plaintiff; by Stipulation. . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed

---

[1] To benefit from the Rule 41 extension, "the initial complaint must conform in all respects to the rules of pleading contained in Rules 8, 9, 10, and 11 of the North Carolina Rules of Civil Procedure." *Murphy v. Hinton*, 242 N.C. App. 95, 100, 773 S.E.2d 355, 359 (2015). Rule 10 provides that a complaint "shall include the names of all the parties[.]" N.C. R. Civ. P. 10(a). Because a separate and distinct legal entity filed the initial pleadings as the named plaintiff in this case, the Original Complaint did not "conform in all respects" to the rules of pleading. *See Murphy*, 242 N.C. App at 100, 773 S.E.2d at 359.

under (ii) of this subsection shall specify a shorter time.

N.C. Gen. Stat. § 1A-1, R. 41(a) (2021).

"To benefit from the one[-]year extension of the statute of limitation [in Rule 41], the second action must be substantially the same, involving the same parties, the same cause of action, and the same right . . . ."  *Cherokee*, 97 N.C. App. at 297, 388 S.E.2d at 240 (citations and internal quotations omitted); *see Royster v. McNamara*, 218 N.C. App. 520, 531, 723 S.E.2d 122, 130 (2012) (quoting *Holley v. Hercules, Inc.,* 86 N.C. App. 624, 628, 359 S.E.2d 47, 50 (1987) ("Rule 41(a)(1) extends the time within which a party may refile suit after taking a voluntary dismissal when the refiled suit involves the same parties, rights and cause of action as in the first action.")).

"Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy so as to properly seek adjudication of the matter."  *Coderre v. Futrell*, 224 N.C. App. 454, 457, 736 S.E.2d 784, 786 (2012) (quoting *Woodring v. Swieter*, 180 N.C. App. 362, 366, 637 S.E.2d 269, 274 (2006)).  "A party has standing to initiate a lawsuit if he is a real party in interest."  *Green Tree Servicing LLC v. Locklear*, 236 N.C. App. 514, 519, 763 S.E.2d 523, 526 (2014) (internal quotations and citation omitted).  "If a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim."  *Coderre*, 224 N.C. App. at 457, 736 S.E.2d at 786–87 (internal citations and quotations omitted).  "The question of subject matter jurisdiction may be raised at any time," even for the first time on appeal.  *See*

*Lemmerman v. A.T. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 85 (1986) (internal citation omitted).

Furthermore, where a plaintiff lacked standing to file the initial complaint, that complaint is a "nullity" leaving "no valid complaint to which [an] amended complaint could relate back." *See Coderre*, 224 N.C. App. at 457, 736 S.E.2d at 787 (holding that where a shareholder of a corporation filed suit for breach of a contract to which he was not a party, the lack of standing rendered the initial complaint a nullity such that the amended complaint, adding the corporation as a plaintiff, could not relate back to the initial complaint to prevent the claim from being time-barred); *see also WLAE, LLC v. Edwards*, 257 N.C. App. 251, 260, 809 S.E.2d 176, 182–83 (2017) (holding where the trial court did not have subject matter jurisdiction over the proceeding at the time of filing, the court did not have authority to order substitution of the parties under Rule 17(a), and any attempt to do so would have been a nullity because no valid action existed for the real party in interest to ratify).

Plaintiff asserts this Court "erred in concluding that *Cherokee*, *Royster*, and *Holley* compelled it to deny relation back to Plaintiff's claims to the date the [Original Complaint] was filed." Specifically, Plaintiff argues this case is distinguishable from those cases because "none of them involved the amendment of the capacity of the plaintiff when the defendant otherwise had full notice of the transactions and occurrences that formed the basis for the claims." We disagree.

Here, there is not a problem with the *capacity* of the correct plaintiff to sue.

Rather, a wholly distinct, disinterested, and incorrect entity brought the action as the named plaintiff in both the Original Complaint and the Second Complaint. Although *Cherokee* involves a case where the plaintiff sought to amend the name of the defendant, the plain language of *Cherokee* is not limited to substitutions of a defendant. *See Cherokee*, 97 N.C. App. 295, 388 S.E.2d 239. As Defendant correctly notes, had the *Cherokee* Court intended for the rule to apply only to situations where the plaintiff seeks to change the name of the defendant, it would have specified the defendants must be the same rather than the *parties* must be the same. Indeed, the *Cherokee* opinion notes, "here the allegations and the plaintiff in both complaints are substantially the same" before holding that the plaintiff was not entitled to relation back under Rule 41 because the defendants were two separate and distinct entities. *See id.* at 299, 388 S.E.2d at 241.

Furthermore, this Court has suggested that to benefit from the one-year extension afforded by Rule 41(a), subsequent complaints must be filed by the same plaintiff. *See Revolutionary Concepts, Inc. v. Clements Walker PLLC*, 277 N.C. App. 102, 111, 744 S.E.2d 130, 136 (2013) (holding the trial court correctly concluded that where the original plaintiff RCI-NC merged with RCI-NV after taking a voluntary dismissal pursuant to Rule 41(a), "any claims RCI-NV acquired from RCI-NC by virtue of the merger had to be filed either by post-merger RCI-NV, identifying itself as the surviving entity . . . or by RCI-NC."). As discussed in subsection A, Plaintiff's reliance on the principle of notice is misguided; notice is not the determinative inquiry

for relation back under Rule 41. *See Cherokee*, 97 N.C. App. at 297, 388 S.E.2d at 240.

We agree with Plaintiff that at all relevant times, "Gary Gantt d/b/a Gantt Construction" was the real party in interest in this matter.[2] Unfortunately for Plaintiff, "Gary Gantt d/b/a Gantt Construction" is not the entity that timely filed suit in 2019. Therefore, we reject Plaintiff's argument that "as a practical matter the 2019 and 2020 actions [ ] involve the same parties" because the original named plaintiff lacked standing. In the instant case, two separate and distinct legal entities filed pleadings as the named plaintiff: "Gantt Construction Company[,] . . . a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas[,]" filed complaints on 11 January 2019 and on or about 28 April 2020; meanwhile, "Gary Gantt d/b/a Gantt Construction" filed the Amended Complaint with leave of court on 13 January 2021. It is "well established" under the law that to benefit from the one-year extension provided by Rule 41, following the first and only voluntary dismissal, the refiled suit must involve the "same parties[.]" *Renegar v. R.J. Reynolds Tobacco Co.*, 145 N.C. App. 78, 84, 549 S.E.2d 227, 232 (2001) (citing *Cherokee Ins. Co.,* 97 N.C. App. at 297, 388 S.E.2d at

---

[2] On 12 January 2021, the trial court granted Plaintiff's motion to amend the Second Complaint allowing a substitution of the real party in interest pursuant to Rules 15 and 17 of the North Carolina Rules of Civil Procedure. Although Defendant did not cross-appeal from that order, we note the issue of a defect in subject matter jurisdiction may be raised at any time. *See Lemmerman*, 318 N.C. at 580, 350 S.E.2d at 85; *see also WLAE*, 257 N.C. App. at 260, 809 S.E.2d at 182–83.

240). "Gary Gantt d/b/a Gantt Construction" is neither a corporation nor incorporated under the laws of Texas and is therefore not the same party as Gantt Construction Co., the named plaintiff that initiated this action.

Here, Gantt Construction Co. was not a real party in interest because it neither owned the property subject to the capacity fees nor paid the capacity fees, and therefore had no standing to bring the initial claim. *See Locklear*, 236 N.C. App. at 519, 763 S.E.2d at 526. Gantt Construction Co. did not have standing to bring the Original Complaint; hence, the trial court lacked subject matter jurisdiction. *See Woodring*, 180 N.C. App. at 366, 637 S.E.2d at 274. The trial court's lack of subject matter jurisdiction rendered the Original Complaint a nullity. *See Coderre*, 224 N.C. App. at 457, 736 S.E.2d at 787. Because the Original Complaint was a nullity, there is no valid action to which Plaintiff's Amended Complaint could relate back under Rule 41(a). *See id.* at 457, 736 S.E.2d at 787. Accordingly, we conclude that Plaintiff cannot avail himself of relation back under Rule 41(a), because the second action does not involve the "same parties" as the first, and the named plaintiff in the first action lacked standing to bring suit against Defendant for assessing allegedly *ultra vires* water capacity fees. *See Cherokee Ins. Co.,* 97 N.C. App. at 297, 388 S.E.2d at 240; *see also Coderre*, 224 N.C. App. at 457, 736 S.E.2d at 787.

Since the Second Complaint was not filed until on or about 28 April 2020, after 14 November 2019—the last date Plaintiff could have timely brought his action—and Plaintiff may not benefit from relation back under Rule 41, Plaintiff's claims are

barred by the statute of limitations.  *See* N.C. Gen. Stat. § 1-52(15).  Therefore, the trial court did not err in granting summary judgment for Defendant.

## III.   Conclusion

Based on the foregoing, we conclude *Gantt I* is not inconsistent with the holdings of *Burcl* and *Tallman* and was properly decided; Plaintiff is not entitled to relation back under Rule 41, and the party filing the Original Complaint and Second Complaint had no standing to bring the suit.  Therefore, we again affirm the trial court's order granting summary judgment to Defendant.

AFFIRMED

Judges MURPHY and STADING concur.